IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>    Plaintiff,<br><br>v.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, a limited company in England and Wales.<br><br>    Defendants. | Civil Action No. 19-cv-06189-LDH-RML<br><br>Judge LaShann DeArcy Hall |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF AIRWAIR INTERNATIONAL LTD.'S COMPLAINT

Defendants Primark US Corp. ("Primark US") and Primark Limited ("Primark Ltd."), collectively "Defendants," by and through their undersigned counsel, hereby answer and assert affirmative defenses and counterclaims to the Complaint of Plaintiff AirWair International Ltd. ("Plaintiff"), dated November 1, 2019, as follows:

### PARTIES

1. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 1, and on that basis Defendants generally and specifically deny each and every allegation contained therein.

2. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 2, and on that basis deny them. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

3. Defendants admit that Primark US, whose proper entity name is Primark US Corp., is a Delaware corporation with its primary business address at 101 Arch Street, Suite 300, Boston, Massachusetts, 02110. Defendants further admits that Primark Ltd. is an Irish limited

company registered in England and Wales with a registered office at Weston Centre, 10 Grosvenor Street, London, W1K 4QY, United Kingdom.

4. Defendant Primark US sells footwear products at two of its stores located in this District—one store in Kings Plaza Mall at 5100 Kings Plaza, Brooklyn, New York 11234, and the other store in Staten Island Mall at 2655 Richmond Avenue, Staten Island, New York 10314. Defendants otherwise generally and specifically deny the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest subject matter jurisdiction for purposes of this action.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest pendant jurisdiction for purposes of this action.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest personal jurisdiction over Primark US for purposes of this action. Defendants deny that this Court has personal jurisdiction over Primark Ltd.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest venue for purposes of this action.

## FACTUAL ALLEGATIONS

9. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 9, and on that basis Defendants generally and specifically deny each and every allegation contained therein.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

11. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 11, and on that basis Defendants generally and specifically deny the allegations contained therein, except Defendants admit that Plaintiff has attached Exhibits 1, 2, 3, 4, and 5 to the Complaint, and Defendants refer the Court to Exhibits 1, 2, 3, 4, and 5 for renditions of their contents. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12, except Defendants admit that Plaintiff has attached Exhibits 1, 2, 3, 4, and 5 to the Complaint, and Defendants refer the Court to Exhibits 1, 2, 3, 4, and 5 for renditions of their contents. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

13. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 13, and on that basis Defendants generally and specifically deny the allegations contained therein. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14. Defendants expressly deny that the features of Dr. Martens footwear and other merchandise referenced in Paragraph 14 are "unique," "distinctive," serve a source-identifying function, or

constitute protectable trade dress. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16. Defendants expressly deny that Plaintiff's marks are "distinctive" or constitute protectable trade dress. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 16 concerning Plaintiff's business and sales, and on that basis Defendants generally and specifically deny the allegations contained therein. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17. Defendants expressly deny that the claimed features are "distinctive," have "acquired distinctiveness" or are non-functional. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

18. Defendants generally and specifically deny the allegations contained in Paragraph 18, except admit that Primark US Corp. sells footwear in two stores located in this District. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 19. The images included in Paragraph 19 are not allegations and do not otherwise require a response.

Defendants deny that the images provide a complete and accurate representation of Defendants' products. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

20. Defendants deny the allegations contained in Paragraph 20, except admit that Defendant Primark US advertises and sells footwear at its two stores in this District.

21. Defendants lack information or knowledge sufficient to determine the truth or falsity of the allegations contained in Paragraph 21, and on that basis Defendants generally and specifically deny the allegations contained therein, except Defendants admit that Plaintiff has attached Exhibit 6 to the Complaint, and Defendants refer the Court to Exhibit 6 for a rendition of its contents.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants generally and specifically deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23, except admit that Defendants received a letter from Plaintiff on or about September 24, 2019. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants generally and specifically deny the allegations contained in Paragraph 24. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants generally and specifically deny the allegations contained in Paragraph 25. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants generally and specifically deny the allegations contained in Paragraph 26. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants generally and specifically deny the allegations contained in Paragraph 27.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. § 1114)

28. Defendants incorporate by reference their responses to Paragraphs 1-27.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31. Defendants expressly deny that Plaintiff has any protectable trade dress marks as alleged.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

35. Defendants incorporate by reference their responses to Paragraphs 1-34.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 37.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

40. Defendants incorporate by reference their responses to Paragraphs 1-39.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 42. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 43. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 47. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

### FOURTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

48. Defendants incorporate by reference their responses to Paragraphs 1-47.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 49. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52.

### FIFTH CLAIM FOR RELIEF
**(Dilution in Violation of New York General Business Law § 360-1)**

53. Defendants incorporate by reference their responses to Paragraphs 1-52.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 54. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged or that the alleged marks are famous or serve a source-identifying function.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 55. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56. Defendants expressly deny that Plaintiff has any protectable trade dress as alleged.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 58.

### PRAYER FOR RELIEF

To the extent that any response is required to Plaintiff's request for relief, Defendants deny that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## JURY DEMAND

Defendants respectfully demand a jury trial on all triable issues.

## AFFIRMATIVE DEFENSES

Defendants, for their affirmative defenses, without conceding that they bear the burden of proof as to any such affirmative defense, states as follows:

### First Affirmative Defense
### (Failure to State a Claim for Relief)

1.　Plaintiff has, in whole or in part, failed to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Statute of Limitations)

2.　Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense
### (Functionality)

3.　Plaintiff's claims are barred, in whole or in part, because its alleged trade dress is functional.

### Fourth Affirmative Defense
### (Fair Use)

4.　Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### Fifth Affirmative Defense
### (Laches)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense
### (Estoppel)

6. Plaintiff's claims are barred, in whole or in part, by estoppel.

### Seventh Affirmative Defense
### (Unclean Hands)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Affirmative Defense
### (Waiver)

8. Plaintiff's claims are barred, in whole or in part, by waiver.

### Ninth Affirmative Defense
### (Invalidity or Unenforceability of Trademarks)

9. Plaintiff's alleged trademarks are invalid, unenforceable, and/or misstate the nature of what is covered by its registrations.

### Tenth Affirmative Defense
### (License, Consent, and Acquiescence)

10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's license, consent, and acquiescence to Defendants' alleged use.

### Eleventh Affirmative Defense
### (Failure to Mitigate Damages)

11. To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### Twelfth Affirmative Defense
### (Forfeiture or Abandonment)

12. Plaintiff's claims are barred, in whole or in part, to the extent it has forfeited or abandoned its intellectual property.

### Thirteenth Affirmative Defense
### (Misuse of Trademark)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of trademark.

### Fourteenth Affirmative Defense
### (Innocent Intent)

14. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was, at all times, in good faith and with non-willful intent.

### ADDITIONAL DEFENSES

Defendants reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based on the course of proceedings in this action.

### COUNTERCLAIMS

Defendants/Counterclaimants Primark US Corp. and Primark Ltd. ("Defendants") counterclaim against Plaintiff AirWair International Ltd. ("Plaintiff" or "AirWair") as follows:

### JURISDICTION

1. This court has subject matter jurisdiction over Defendants' claims under 28 U.S.C. § 1338. This action also includes requests for declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

2. This Court has personal jurisdiction over Plaintiff because Plaintiff transacts business in this District, including, upon information and belief, marketing and making available for sale, both in retail stores and online, footwear offered under its DR. MARTENS brand, thereby purposefully availing itself of the benefits and protections offered by this District.

3. Venue is proper under 28 U.S.C. § 1391(c) because Plaintiff is subject to personal jurisdiction in this District.

4. Defendants bring these counterclaims for declaratory relief based on actual litigation by Plaintiff against Defendants. An actual case or controversy exists within the meaning of 28 U.S.C. § 2201 as to whether Defendants bear liability pursuant to the claim brought by AirWair. A judicial determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations, if any.

## PARTIES

5. Defendant/Counterclaimant Primark US Corp. is a Delaware corporation with a principal place of business of 101 Arch Street, Suite 300, Boston, Massachusetts 02110-1103, United States.

6. Defendant/Counterclaimant Primark Ltd. is an Irish limited company registered in England and Wales with a registered office at Weston Centre, 10 Grosvenor Street, London, W1K 4QY, United Kingdom.

7. Upon information and belief, Plaintiff/Counterclaim Defendant AirWair International Ltd. is a United Kingdom Corporation with a principal place of business at Cobbs Lane Wollaston Wellingborough, NN29 7SW United Kingdom.

8. Upon information and belief, AirWair conducts business in this district, including offering for sale or making available footwear marked and sold under the DR. MARTENS brand.

## BACKGROUND

9. On November 1, 2019, Plaintiff filed its Complaint alleging trade dress infringement and other claims against Defendants.

10. The Complaint alleges that Defendants have infringed registered trade dress marks including, but not limited to, U.S. Reg. Nos. 5,067,689 and 5,067,692. These registrations

are attached to the Complaint as Exhibits 4 and 5. Plaintiff further attaches three additional registrations not subject to these counterclaims.

11. Defendants are entitled to a declaration that the Registrations reflected in Exhibits 4 and 5 attached to the Complaint are invalid, and cancellation of the Registrations is proper.

## FIRST CAUSE OF ACTION

**(Declaration of Invalidity of Registration No. 5,067,689)**

12. Defendants incorporate and reallege paragraphs 1 through 11 of the above.

13. Registration No. 5,067,689 registered on October 25, 2016 to AirWair International Ltd. (UNITED KINGDOM CORPORATION) in International Class 25 for "Footwear."

14. Pursuant to Exhibit 4 to the Complaint, Registration No. 5,067,689 "consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color."

15. The drawing of the trade dress is copied below, with the caveat pursuant to Exhibit 4 that "[t]he phantom lining is not a part of the mark, but merely indicates the position of the mark:



14

16. Upon information and belief, Registration No. 5,067,689 is not entitled to a presumption of acquired distinctiveness on the grounds that use of the alleged trade dress was neither "continuous" nor "substantially exclusive."

17. Registration No. 5,067,689 is invalid as the described mark is merely descriptive, lacks secondary meaning and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

18. Registration No. 5,067,689 is invalid as the described mark is generic and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

19. Registration No. 5,067,689 is invalid as the described mark is both functional and aesthetically functional and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

20. Defendants are entitled to a declaration that United States Trademark Registration No. 5,607,689 is invalid.

## SECOND CAUSE OF ACTION

### (Declaration of Invalidity of Registration No. 5,067,692)

21. Defendants incorporate and reallege paragraphs 1 through 20 of the above.

22. Registration No. 5,067,692 registered on October 25, 2016 to AirWair International Ltd. (UNITED KINGDOM CORPORATION) in International Class 25 for "Footwear."

23. Pursuant to Exhibit 5 to the Complaint, Registration No. 5,067,692 "consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching and a tab located at the top back heel of footwear."

24. The drawing of the trade dress is copied below, with the caveat pursuant to Exhibit 5 that "[t]he phantom lining is not a part of the mark, but merely indicates the position of the mark":



25. Upon information and belief, Registration No. 5,067,692 is not entitled to a presumption of acquired distinctiveness on the grounds that use of the alleged trade dress was neither "continuous" nor "substantially exclusive."

26. Registration No. 5,067,692 is invalid as the described mark is merely descriptive, lacks secondary meaning and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

27. Registration No. 5,067,692 is invalid as the described mark is generic and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

28. Registration No. 5,067,692 is invalid as the described mark is both functional and aesthetically functional and therefore does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

29. Defendants are entitled to a declaration that United States Trademark Registration No. 5,607,692 is invalid.

16

## THIRD CAUSE OF ACTION
### (Cancellation of Registrations)

30. Defendants incorporate and reallege paragraphs 1 through 29 of the above.

31. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court may "determine the right to registration, order the cancelation of registrations, in whole or in part, … and otherwise rectify the register with respect to the registrations of any party to the action."

32. Plaintiff's alleged U.S. Registration Nos. 5,067,689 and 5,067,692 cover material that, as detailed above, is invalid as the described marks cover material that lacks distinctiveness and is either functional or aesthetically functional, and does not constitute protectable trade dress pursuant to 15 U.S.C. § 1052.

33. Further, because of the generic nature of the alleged trade dress covered by Registration Nos. 5,067,689 and 5,067,692, if competitors such as Primark are precluded from using these designs, then AirWair would obtain a significant non-reputation-related advantage over its competitors.

34. Protection of AirWair's purported trade dress under Registration Nos. 5,067,689 and 5,067,692 would significantly undermine Primark's ability to compete in the market for footwear and shoes.

35. Pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064, registrations covering functional, non-distinctive, or generic matter are subject to cancellation.

36. Accordingly, Registration Nos. 5,067,689 and 5,067,692 should be cancelled.

## DEMAND FOR JURY TRIAL

37. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand that the Counterclaims be tried by jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1. Deny any and all relief requested by Plaintiff;

2. Award Defendants' attorneys' fees and costs incurred in the defense of this action;

3. Award Defendants such further relief as the Court deems just and proper;

4. Enter judgement against AirWair on all its claims of infringement of U.S. Reg. Nos. 5,067,689 and 5,067,692;

5. Enter judgment in favor of Defendants and against AirWair on all Defendants' Counterclaims;

6. Declare that Plaintiff's alleged trade dress Registrations Nos. 5,067, 689 and 5,067,692 are invalid and unenforceable;

7. Direct the United States Patent and Trademark Office to cancel U.S. Reg. Nos. 5,067,689 and 5,067,692 as invalid;

8. Award Defendants attorneys' fees and costs of suit in connection with the Counterclaims under the Lanham Act as an exceptional case.

Dated: January 2, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: s/ *Emily C. Ellis*
　　　　　　　　　　　　　　　　　　　　　　Emily C. Ellis
　　　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　　Telephone: 212.294.6700
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 212.294.4700
　　　　　　　　　　　　　　　　　　　　　　eellis@winston.com

　　　　　　　　　　　　　　　　　　　　　　Jennifer A. Golinveaux
　　　　　　　　　　　　　　　　　　　　　　(*pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　　　101 California Street, 35th Floor

San Francisco, California 94111
Telephone: 415.591.1000
Facsimile: 415.591.1400
jgolinveaux@winston.com


*Counsel for Defendants Primark US Corp. and Primark Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a true and complete copy of the foregoing DEFENDANTS PRIMARK US CORP. AND PRIMARK LTD.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF AIRWAIR INTERNATIONAL LTD. by operation of the Court's Electronic Case Filing (ECF) system per Local Rule 5.2 on January 2, 2020:

Ari M. Berman
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212.858.1000
ari.berman@pillsburylaw.com

Kenneth E. Keller
Vijay K. Toke
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.983.1000
kenneth.keller@pillsburylaw.com
vijay.toke@pillsburylaw.com

/s/ *Emily C. Ellis*
Emily C. Ellis