

North America Europe Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 561-1506
JGolinveaux@winston.com

November 10, 2020

**VIA ECF**

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Airwair International Ltd, a company of the United Kingdom, v. Primark US Corporation, a Delaware corporation, Primark Limited, a limited company in England and Wales*, Case No. 19-cv-06189 LDH-RML**

Dear Judge Levy:

Pursuant to Local Civil Rule 37.3 (c), Defendants submit this letter seeking your assistance regarding a discovery matter that the parties have been unable to resolve. Specifically, the parties are at an impasse regarding two issues concerning the proper form of a Confidentiality Order appropriate for this litigation. The inability to agree to a form of Confidentiality Order is holding up settlement discussions as the parties have agreed to exchange certain confidential documents and information as part of settlement negotiations.[1]

The parties disagree on two issues relating to the Confidentiality Order, namely, 1) whether materials disclosed in this proceeding can properly be used by Plaintiff in connection with other proceedings in the European Union; and 2) whether in this case a two tier Confidentiality Order with an Outside Counsel Eyes' Only tier of protection is appropriate.

On the first issue, Plaintiff has insisted on including a provision in the Confidentiality Order specifically allowing Plaintiff to use any material produced in this litigation to pursue ongoing parallel infringement actions outside of the U.S. Defendants disagree that this is a proper use of confidential discovery produced in this case. In light of the parallel actions, and the commercially sensitive discovery Plaintiff is seeking, Defendants also believe that a two-tier Confidentiality Order is appropriate in this case, particularly in light of the fact that Plaintiff's in-house counsel is actively managing both actions. The form of Confidentiality Order proposed by Defendants is attached hereto as Exhibit A. For ease of reference it is redlined against the Court's model form of Confidentiality Order. In accordance with Local Civil Rule 37.3 (a), the parties met and conferred in good faith in an effort to resolve this dispute several times between Wednesday October 21, 2020 and Friday October 30, 2020 both telephonically and by email, but were unable to reach an agreement on these issues.

---

[1] Defendants have confirmed to Plaintiff that the shoe models at issue in this action are no longer being sold in the U.S. and that total sales in the U.S. were very small. Plaintiffs are insisting on detailed records related to such sales, and the entry of an appropriate Confidentiality Order has been a gating issue to continued negotiation of a settlement agreement.



**I. It is Improper for Plaintiff to Use This Action to Obtain Commercially Sensitive and Confidential Information to Pursue Other Foreign Actions.**

Plaintiff filed this action on November 1, 2019. There is an ongoing parallel litigation in Europe brought by Plaintiff against Primark involving certain of the same shoe models at issue in this case.[2] When the parties began negotiating an appropriate form of Confidentiality Order for this case, Plaintiff insisted on including a provision that would allow it to use confidential material produced by Defendants in this case in other enforcement proceedings. Specifically, Plaintiff insisted on including the following language (emphasis added):

> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action, **or any other foreign litigation or proceeding,** only for prosecuting, defending, or attempting to settle such actions, litigation, and proceedings.

Such a provision is contrary to well-settled law. *See In re Deutsche Bank Trust Co. Ams. & Total Bank Solutions LLC*, 605 F.3d at 1378 (Fed. Cir. 2010) ("Typically, protective orders include provisions specifying that designated confidential information may be used *only for purposes of the current litigation*")(emphasis added); *In re Am. Express* Anti-Steering Rules Antitrust Litig. (No II), 10-CV-04496 (NGG) (RER), 2012 WL 13098456, at *1 (E.D.N.Y. Nov. 16, 2012) (protective order limited use of confidential information "to only 'the purpose of this litigation and not for any other purpose'"). Plaintiff's position is also contrary to Your Honor's standing Confidentiality Order, which specifically states that, "[t]he parties agree that any discovery material produced in this litigation and designated as confidential or for attorney's eyes only may only be used in connection with this litigation."

**II. A Two-Tier Confidentiality Order is Appropriate Here**

Plaintiff also insists that its in-house counsel managing this and other enforcement actions for Plaintiff be entitled to see all confidential information produced by Defendants. In light of Plaintiff's in-house counsel's role, and the fact that she is managing other enforcement actions against Primark in the European Union involving the same shoe models, a two-tier Confidentiality Order is appropriate here.

The issue turns largely on the specific role of in-house counsel within the business and whether he or she has a part in the type of competitive decision-making that would involve the potential use of the confidential information. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Trial courts commonly enter protective orders that restrict disclosure of trade secrets and other confidential commercial information to counsel and experts. *See Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, No. 97 Civ. 5139, 1999 WL 13257, at *3 (S.D.N.Y. Jan.13, 1999). Other courts considering this issue have recognized that in a trademark infringement action, it is appropriate to include an "attorneys' eyes only" designation restricting access to outside counsel where plaintiff's in-house counsel has a significant role in enforcement decisions, making it difficult for her to "compartmentalize" the information she received in the case. *See Sony Computer Entertainment America, Inc. v. NASA Electronics Corp*., 249 F.R.D. 378 (S.D. Fla. 2008). The same is true here. Clearly "[i]t is

---

[2] *See Airwair International Limited v. Primark Netherlands B.V.* case number C/13/675004 KG ZA 19-1157. On December 20, 2019, the Amsterdam District Court issued a decision denying Plaintiff's Motion for Preliminary Injunction and awarding Primark its fees. Plaintiff appealed that decision and the appeal is currently pending.

difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015). Your Honor's standing Confidentiality Order also contemplates an "attorney's eyes only" designation and Defendants respectfully submit that it is appropriate here. Defendants, for their part, have assured Plaintiff that the "attorney's eyes only" designation will be used with discretion and limited to commercially sensitive materials.

**CONCLUSION**

Plaintiff's position is both untenable and is delaying settlement discussions.[3] Defendants respectfully request that their version of Your Honor's standing Confidentiality Order attached as Exhibit A be adopted.

Dated: November 10, 2020

WINSTON & STRAWN LLP

By: /s/ *Jennifer A. Golinveaux*
Jennifer A. Golinveaux

Attorneys for Defendants
PRIMARK US CORPORATION
PRIMARK LIMITED

---

[3] The parties currently have a November 16, 2020 deadline to mediate this case. While it initially seemed that a mediator would not be necessary in light of the fact that the shoe models at issue are no longer for sale in the U.S. and in light of the small number of sales of the shoes in the U.S., the parties' inability to agree to a form of Confidentiality Order has held up settlement discussions.