# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>  Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, an Irish limited company registered in England and Wales,<br><br>  Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>Judge Robert M. Levy<br><br>**[PROPOSED] CONFIDENTIALITY ORDER** |

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential" or "attorney's eyes only" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

  √   Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

  - √   Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

  _____Medical and Legal Records, including medical files and reports.

  _____Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless

be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" or "attorney's eyes only" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Documents and information designated "confidential--attorney's eyes only" shall be shown only to outside counsel of record in this litigation, as well as their employees, experts, and necessary court personnel to whom it is necessary to review the documents and information for the prosecution or defense of this lawsuit only. Each person who is permitted to see confidential or attorney's eyes only documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a

document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or for attorney's eyes only may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth

the substance of such confidential information, unless independent good cause is demonstrated.

(i) Within ~~a reasonable period~~sixty (60) days after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients along with written confirmation to the other party.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: November ____, 2020            PILLSBURY WINTHROP SHAW PITTMAN LLP


By:_____
    Ari M. Berman
    Kenneth E. Keller
    Vijay K. Toke
Attorneys for Plaintiff AirWair International Ltd.


Dated: November ____, 2020            WINSTON & STRAWN LLP


By:_____
Jennifer A. Golinveaux
Attorneys for Defendants Primark Limited and
Primark US Corporation

**IT IS SO ORDERED.**


Dated: _____          _____
    ROBERT M. LEVY
    United States Magistrate Judge

## EXHIBIT A

_____I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____, case number_____, have been designated as confidential. I have been informed that such documents or information labeled "confidential" are confidential by Order of the Court.

_____I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____


Signed in the presence of:

_____(Attorney)

1