UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>    Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, a limited company in England and Wales,<br><br>    Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>Judge LaShann DeArcy Hall<br>Magistrate Judge Robert M. Levy |

**DECLARATION OF KENNETH E. KELLER IN SUPPORT OF OPPOSITION TO PRIMARK'S LETTER BRIEF OF NOVEMBER 10, 2020**

I, Kenneth E. Keller, declare as follows:

1. I am a partner at the firm of Pillsbury Winthrop Shaw Pittman LLP and lead counsel in this litigation for Plaintiff AirWair International Ltd ("AirWair"). I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, as to those I am informed and believe they are true. If called as a witness, I could and would competently testify to such facts contained herein.

2. Attached as **Exhibit A** is a true and correct copy of Defendant Primark US's responses to AirWair's first set of interrogatories. Attached as **Exhibit B** is a true and correct copy of Defendant Primark Ltd.'s responses to AirWair's first set of interrogatories.

3. On October 6, 2020, my colleague, Vijay Toke, and I attended a teleconference with Defendants' counsel Jennifer Golinveaux and Irina Lyapis to discuss documents and information Plaintiff AirWair needed from Defendants in order to conduct a meaningful mediation, as well as potential terms for settlement of this action.

4. During this October 6, 2020 call, Ms. Golinveaux represented that Defendant Primark US did not have any involvement in the design of the footwear at issue in this case. She also asked the "relevance" of documents pertaining to Defendants manufacturers/suppliers of the infringing footwear. I explained that if the manufacturers/suppliers designed the footwear, this would be at least one grounds for the discovery of these documents. At this point, Ms. Golinveaux represented that the parent company of the Defendants, Defendant Primark Ltd., did have involvement in the design of the footwear at issue in this case. She indicated that this was stated in Defendants' answers to interrogatories. However, in those answers, Primark Ltd. objected and did not respond to the interrogatory regarding its involvement in the design of the footwear at issue in this litigation. In a subsequent meet and confer call on November 16, 2020, Ms. Golinveaux would not elaborate on Primark Ltd.'s role in design but stated the documents to be produced in this litigation would make clear what its involvement was in the design and distribution of the infringing footwear.

5. As Defendants note in their letter brief to the Court on November 10, 2020, there are parallel proceedings by AirWair pending in the Dutch court against Defendant Primark Ltd.'s Dutch subsidiary Primark Netherland, B.V. (the "Dutch Proceedings"). The Dutch Proceedings involve the sale in the Netherlands of the exact same footwear models produced by Defendant Primark that are at issue in this case, but Defendant Primark Ltd., the parent company, was not named in that action. In the Dutch Proceedings, AirWair claimed that Primark Netherlands, B.V. "slavishly" copied the Dr. Martens trade dress. To argue against liability in the Dutch Proceedings, Primark Netherlands, B.V. represented that it did not have any responsibility for designing the infringing footwear and it instead purchased only finished goods. Primark Netherlands, B.V., however, omitted that its corporate parent, Primark Ltd.—the company it

ostensibly purchased the infringing footwear from—was in fact involved in the design of the infringing footwear.  I understand this representation (and omission) by Primark Netherlands, B.V. to be one of the primary bases for the Dutch court's denial of the preliminary injunction sought by AirWair, which is now up on appeal.  Attached as **Exhibit C** is the submission in the Dutch Proceedings by Primark Netherlands, B.V. representing it did not design the infringing footwear and instead only purchased finished goods (without mentioning the name of its supplier), with relevant sections highlighted in yellow.

6. Attached as **Exhibit D** is AirWair's proposed confidentiality order, which tracks Magistrate Judge Levy's standing Confidentiality Order, with AirWair's proposed changes to it in redline form.  The basis for these proposed changes is explained in AirWair's letter brief regarding the protective order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on 17th day of November, 2020 at Piedmont, California.

       /s/ Kenneth E. Keller
       Kenneth E. Keller