# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, an Irish limited company registered in England and Wales,<br><br>Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>Judge LaShann DeArcy Hall<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PRIMARK US CORP.** |

**PRELIMINARY STATEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Primark US Corp. ("Primark US") hereby objects and responds to Plaintiff Airwair International Ltd.'s First Set of Interrogatories as follows. This response is made solely for the purposes of this litigation. Primark US's investigation into the facts of this case is ongoing and is not yet completed, and Primark US therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Primark US.

**GENERAL OBJECTIONS**

Primark US objects as follows to Plaintiff's Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the Interrogatories in Plaintiff's First Set of Interrogatories, Primark US incorporates these Objections as if set forth fully in response to each such request.

1. Primark US objects to Plaintiff's Definitions and Instructions to the extent they purport

1

to impose any requirement or discovery obligation on Primark US other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

2. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Primark US objects to all Definitions, Instructions, and Interrogatories to the extent that they require Primark US to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Interrogatories would subject Primark US to undue burden and expense.

3. Primark US objects to the Interrogatories to the extent that they seek private, business confidential, trade secret, proprietary, research, development, commercial information, and/or any other competitively sensitive information. Any such information disclosed to Plaintiff's shall be pursuant to a protective order to be agreed upon by and between Primark US and Plaintiff.

4. To the extent that any Interrogatory, Definition, or Instruction may be construed as requiring Primark US to characterize documents or their contents or to speculate as to what documents may or may not show, Primark US objects to such Interrogatory, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

5. Primark US objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Primark US hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

6. Primark US objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

7. Primark US objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiff's or otherwise can be obtained from a source other than Primark US (including, but not limited to, information that is currently within Plaintiff's control).

8. Primark US objects to the Interrogatories to the extent they are not limited in time and limits its responses to the timeframe of January 1, 2017 to the present.

9. Primark Limited objects to the Interrogatories to the extent they are overbroad, unduly burdensome, and seek documents that are not relevant to any adequately pled claim or defense raised in this action and proportional to the needs of the case.

10. Primark US objects to the Interrogatories to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Primark US on conditions of confidentiality and non-disclosure, or the joint confidential information of Primark US and a third party. Primark US further objects to the Interrogatories to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Primark US, current or former affiliates, related companies, or subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy. Primark US further objects to the Interrogatories to the extent they seek third-party customer information, disclosure of which would constitute an invasion of the privacy rights of those customers and disclosure of which would require those customers to be notified in advance of any disclosure of such information. Primark US will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

11. Primark US objects to each Interrogatory to the extent that it is duplicative or redundant of other Interrogatories.

12. Primark US's responses herein, and any associated production of documents in response to the Interrogatories, do not in any way constitute an adoption of Plaintiff's purported Definitions of words or phrases contained in the Interrogatories. Primark US objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil

3

Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Primark US further objects to the Definitions as follows:

13. Primark US objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous.

14. Primark US objects to the definition of the terms "communication" or "communications" as overbroad and unduly burdensome, vague, and ambiguous.

15. Primark US objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "aural records" telephonic, conversations and meetings not likely to have been recorded.

16. Primark US objects that to the definition of "All" as overbroad and impose an undue burden on Primark US because "All" may include: (a) information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure; (b) third-party customer information, disclosure of which would constitute an invasion of the privacy rights of those customers and disclosure of which would require those customers to be notified in advance of any disclosure of such information; (c) Primark US's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any other competitively sensitive information; and/or (d) confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitive information belonging to a third party but entrusted to Primark US on conditions of confidentiality and non-disclosure, or the joint confidential information of Primark US and a third party.

17. Primark US objects to the definitions of the term "identify" to the extent it may call for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure. Further, Primark US objects to this Definition as purporting to impose a greater burden on Primark US than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure.

18. Primark US objects to the definitions of the terms "YOU," and "YOUR" as vague, ambiguous, overbroad, unintelligible, unduly burdensome, and oppressive insofar as they include both Primark US Corp. and "any affiliated companies (meaning overlapping or common ownership or management), including their agents, employees, attorneys, predecessors, subsidiaries, and any other person or entity acting on behalf of Defendants." Primark US responds to these Interrogatories on behalf of Primark US Corp. only. Further, Primark US objects to this Definition as purporting to impose a greater burden on Primark US than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure.

19. Primark US objects to the definition of the term "entity" as overbroad and unduly burdensome, vague, and ambiguous.

20. Primark US objects to the definition of the term "PRIMARK INFRINGING FOOTWEAR" as overbroad and unduly burdensome, vague, and ambiguous as it incorporates the footwear described and depicted in Paragraph 18 and 19 of the Complaint (Dkt. 1) and includes the shoes, photos of which are attached hereto as Exhibit A, as well as any additional footwear that Plaintiff may add to the claims made in the Complaint in the future. Defendant objects to this definition as exceeding the scope of discovery since the footwear at issue is limited to those pled in the Complaint. Defendant interprets "PRIMARK INFRINGING FOOTWEAR" to mean only the footwear products depicted in Paragraph 19 of the Complaint.

21. Primark US objects to the definition of the term "supplier" as overbroad and unduly burdensome, vague, and ambiguous.

22. Primark US objects to Plaintiff's instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Primark US other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

23. Primark US reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the

Interrogatories at trial in this or any other action for any purpose whatsoever. Primark US hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1.

IDENTIFY the PERSON YOU believe to be most knowledgeable and who possesses knowledge, information, or DOCUMENTS related to YOUR corporate formation, corporate finance, marketing, design and sales, including the identity of everyone on YOUR design, sales and marketing teams for the PRIMARK INFRINGING FOOTWEAR and the purchasing, sourcing, importing, marketing, advertising, promotion, distributing, offering for sale, sale, and/or distribution of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 1

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as compound. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "purchasing, sourcing, importing, marketing, advertising, promotion, distributing, offering for sale, sale, and/or distribution of the PRIMARK INFRINGING FOOTWEAR". Primark US also objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its objections, Primark US is available to meet and confer with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 2.

IDENTIFY, by model name, version, and SKU number, all of the PRIMARK INFRINGING FOOTWEAR that YOU have purchased, acquired, sourced, imported, marketed, promoted, offered for sale, sold, and/or distributed since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 2

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "YOU have purchased, acquired, sourced, imported, marketed, promoted, offered for sale, sold, and/or distributed".

Subject to and without waiving its objections, Primark US responds as follows with respect to the allegedly infringing footwear described and depicted in Paragraph 18 and 19 of the Complaint (Dkt. 1):

1. Flat Lace Up. SKU: 49205
2. Contrast Chunky Lace Up. SKU: 76659
3. Chunky Chelsea. SKU: 03212

INTERROGATORY NO. 3.

IDENTIFY each and every PERSON, entity, distributor, or SUPPLIER from whom YOU purchased, acquired, sourced, imported, or received the PRIMARK INFRINGING FOOTWEAR, or any component of the PRIMARK INFRINGING FOOTWEAR, since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 3

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "YOU purchased, acquired, sourced, ore received the PRIMARK

INFRINGING FOOTWEAR, or any component of the PRIMARK INFRINGING FOOTWEAR". Primark US also objects that this interrogatory is overly broad since it requests information since the date Primark US began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information prior to entry of a Protective Order.

INTERROGATORY NO. 4.

State with specificity, by year, all gross revenue earned by YOU in the United States as a result of YOUR sale of the PRIMARK INFRINGING FOOTWEAR since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 4

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US also objects that this interrogatory is overly broad since it requests information since the date Primark US began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information.

Subject to and without waiving its objections, Primark US will respond to this interrogatory upon entry of a mutually agreeable protective order.

INTERROGATORY NO. 5.

State with specificity, by year, all expenses incurred by YOU as a result of the sale of the PRIMARK INFRINGING FOOTWEAR, since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 5

Primark US hereby restates and incorporates the Objections to Definitions and Instructions

8

as set forth above. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent it asks about any expenditure that occurred outside the U.S. Primark US also objects that this interrogatory is overly broad since it requests information since the date Primark US began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR.

Subject to and without waiving its objections, Primark US will respond to this interrogatory upon entry of a mutually agreeable protective order.

INTERROGATORY NO. 6.

IDENTIFY all of YOUR channels of importation and/or distribution for the PRIMARK INFRINGING FOOTWEAR since the date YOU began doing business, including but not limited to the identity of all of your sources of supply of any such products.

ANSWER TO INTERROGATORY NO. 6

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "all of your sources of supply of any such products". Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent it asks about any activities that occurred outside the U.S. Primark US also

9

objects that this interrogatory is overly broad since it requests information since the date Primark US began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR.

Subject to and without waiving its objections, Primark US responds as follows with respect to the allegedly infringing footwear described and depicted in Paragraph 18 and 19 of the Complaint (Dkt. 1): Primark US sold the allegedly infringing footwear at its brick and mortar stores in the United States.

INTERROGATORY NO. 7.

Describe in detail the design process, from initial conception through production, for the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 7

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "design process, from initial conception through production". Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent it asks about any activities that occurred outside the U.S.

Subject to and without waiving its objections, Primark US responds as follows with respect to the allegedly infringing footwear described and depicted in Paragraph 18 and 19 of the Complaint (Dkt. 1):   Primark US is not involved in the design process for the allegedly infringing footwear.

INTERROGATORY NO. 8.

STATE all addresses in the United States and abroad at which YOU operate YOUR business, including brick-and-mortar and online stores, warehouses, storage facilities, offices, buildings, or other facilities. For the purposes of this interrogatory, responsive addresses should include any place where YOU store YOUR inventory of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 8

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence. Primark US further objects to the interrogatory to the extent it seeks information that is a matter of public record equally accessible and/or ascertainable to Plaintiff or otherwise can be obtained from a source other than Primark US.

Subject to and without waiving its objections, Primark US responds as follows: Primark US's brick-and-mortar stores are located at the following addresses:

Boston - 10 Summer Street, Boston, MA 02110

Braintree - 250 Granite Street, Braintree, MA 02184

Brooklyn - 5100 Kings Plaza, Brooklyn, NY 11234

Burlington - 75 Middlesex Turnpike, Burlington, MA 01803

Danbury - 7 Backus Avenue, Danbury, CT 06810

Freehold - 3710 US Hwy 9, Freehold, NJ 07728

King of Prussia - 160 North Gulph Road, King Of Prussia, PA 19406

      Staten Island - 2655 Richmond Avenue, Staten Island, NY 10314

      Willow Grove - 2500 West Moreland Road, Willow Grove, PA 19090

INTERROGATORY NO. 9.

      IDENTIFY all persons involved in the design, development, production, manufacture, marketing and/or sale, of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 9

      Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "design, development, production, manufacture, marketing and/or sale". Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US also objects to this interrogatory on the grounds that it is overly broad and burdensome to the extent it requests the identity of "all persons".

      Subject to and without waiving its objections, Primark US is available to meet and confer with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 10.

      IDENTIFY all persons involved in marketing of the PRIMARK INFRINGING FOOTWEAR in the United States. For the avoidance of doubt, persons IDENTIFIED in response to this interrogatory need not be located or domiciled in the United States, as this Interrogatory seeks the identity of individuals with any responsibility for the marketing of the PRIMARK INFRINGING FOOTWEAR directed towards customers in the United States.

ANSWER TO INTERROGATORY NO. 10

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to the Interrogatory as vague and ambiguous. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence. Primark US also objects to this interrogatory on the grounds that it is overly broad and burdensome to the extent it requests the identity of "all persons".

Subject to and without waiving its objections, Primark US is available to meet and confer with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 11.

IDENTIFY all persons involved in the distribution and sales of the PRIMARK INFRINGING FOOTWEAR in the United States. For the avoidance of doubt, persons IDENTIFIED in response to this interrogatory need not be located or domiciled in the United States, as this interrogatory seeks the identity of individuals with any responsibility for the distribution and sales of the PRIMARK INFRINGING FOOTWEAR to customers in the United States.

ANSWER TO INTERROGATORY NO. 11

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark US further objects to this interrogatory as overly broad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is

13

not reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its objections, Primark US responds as follows: Primark US does not currently distribute or sell the alleged PRIMARK INFRINGING FOOTWEAR in the U.S. Primark US is available to meet and confer with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 12.

IDENTIFY all persons involved in design, updating, and maintenance of the Primark website, including without limitation any version of the website accessible in the United States.

ANSWER TO INTERROGATORY NO. 12

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

INTERROGATORY NO. 13.

IDENTIFY all countries in which YOU have sold any of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 13

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

INTERROGATORY NO. 14.

IDENTIFY all persons involved in the development, design, production, display in any forum or media, and airing or presentation on any forum or media of the PRIMARK VIDEO.

ANSWER TO INTERROGATORY NO. 14

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this Interrogatory as vague and ambiguous with respect to the phrase "persons involved in the development, design, production, display in any forum or media, and airing or presentation on any forum or media of the PRIMARK VIDEO". Primark US interprets that phrase to mean all persons involved with the filming of the PRIMARK VIDEO. Primark US further objects to this interrogatory as seeking information outside the scope of permissible discovery.

INTERROGATORY NO. 15.

STATE the brand and model of the shoes shown in the screenshots from the PRIMARK VIDEO that are attached hereto as Exhibit B.

ANSWER TO INTERROGATORY NO. 15

Primark US hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark US further objects to this interrogatory as seeking information outside the scope of permissible discovery.

Dated: September 29, 2020              WINSTON & STRAWN LLP

                                       By: /S/ Jennifer A. Golinveaux
                                           Jennifer A. Golinveaux

                                       Attorneys for Defendant Primark US Corp.

15

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, an Irish limited company registered in England and Wales,<br><br>    Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML |

**VERIFICATION FOR DEFENDANT PRIMARK US CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

I, Bill Gabovitch, am a General Counsel at Primark US Corp. and I have been authorized to make this verification on behalf of Primark US Corp.

I have read Defendant Primark US Corp.'s Responses to Plaintiff's First Set of Interrogatories (the "First Responses") and hereby declare that the First Responses are either true to the best of my personal knowledge or were assembled by authorized employees or agents of Primark US Corp., who inform me that the facts to which I do not have personal knowledge are true to the best of that person's or those persons' knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed at Boston, MA on September 29, 2020.

_/s/ Bill Gabovitch_

1

# CERTIFICATE OF SERVICE

## United States District Court for the Eastern District of New York

**Case No.: 19-cv-06189-LDH-RML**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On September 29, 2020, I served the following document(s):

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PRIMARK US CORP.**

☒ by electronically transmitting a copy of the document or documents listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.

☒ by placing a copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| Ari M. Berman<br>Pillsbury Winthrop Shaw Pittman LLP<br>31 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 858-1264<br>ari.berman@pillsburylaw.com | Kenneth E. Keller<br>Vijay K. Toke<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 983-1084<br>kenneth.keller@pillsburylaw.com<br>vijay.toke@pillsburylaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed: _/s/ Kelley A. Garcia_
Kelley A. Garcia

Dated:   September 29, 2020

AmericasActive:15071266.1