# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>    Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, an Irish limited company registered in England and Wales,<br><br>    Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>Judge LaShann DeArcy Hall<br><br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PRIMARK LIMITED** |

**PRELIMINARY STATEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Primark Limited ("Primark Limited") hereby objects and responds to Plaintiff Airwair International Ltd.'s First Set of Interrogatories as follows. This response is made solely for the purposes of this litigation. Primark Limited's investigation into the facts of this case is ongoing and is not yet completed, and Primark Limited therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Primark Limited.

**GENERAL OBJECTIONS**

Primark Limited objects as follows to Plaintiff's Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the Interrogatories in Plaintiff's First Set of Interrogatories, Primark Limited incorporates these Objections as if set forth fully in response to each such request.

1

1. Primark Limited objects to Plaintiff's Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Primark Limited other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

2. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Primark Limited objects to all Definitions, Instructions, and Interrogatories to the extent that they require Primark Limited to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Interrogatories would subject Primark Limited to undue burden and expense.

3. Primark Limited objects to the Interrogatories to the extent that they seek private, business confidential, trade secret, proprietary, research, development, commercial information, and/or any other competitively sensitive information. Any such information disclosed to Plaintiff's shall be pursuant to a protective order to be agreed upon by and between Primark Limited and Plaintiff.

4. To the extent that any Interrogatory, Definition, or Instruction may be construed as requiring Primark Limited to characterize documents or their contents or to speculate as to what documents may or may not show, Primark Limited objects to such Interrogatory, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

5. Primark Limited objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Primark Limited hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

6. Primark Limited objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

7. Primark Limited objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiff's or otherwise can be obtained from a source other than Primark Limited (including, but not limited to,

information that is currently within Plaintiff's control).

8. Primark Limited objects to the Interrogatories to the extent they are not limited in time and limits its responses to the timeframe of January 1, 2017 to the present.

9. Primark Limited objects to the Interrogatories to the extent they are overbroad, unduly burdensome, and seek documents that are not relevant to any adequately pled claim or defense raised in this action and proportional to the needs of the case.

10. Primark Limited objects to the Interrogatories to the extent they seek confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Primark Limited on conditions of confidentiality and non-disclosure, or the joint confidential information of Primark Limited and a third party. Primark Limited further objects to the Interrogatories to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Primark Limited, current or former affiliates, related companies, or subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy. Primark Limited further objects to the Interrogatories to the extent they seek third-party customer information, disclosure of which would constitute an invasion of the privacy rights of those customers and disclosure of which would require those customers to be notified in advance of any disclosure of such information. Primark Limited will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

11. Primark Limited objects to each Interrogatory to the extent that it is duplicative or redundant of other Interrogatories.

12. Primark Limited's responses herein, and any associated production of documents in response to the Interrogatories, do not in any way constitute an adoption of Plaintiff's purported Definitions of words or phrases contained in the Interrogatories. Primark Limited objects to the

3

Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Primark Limited further objects to the Definitions as follows:

13. Primark Limited objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous.

14. Primark Limited objects to the definition of the terms "communication" or "communications" as overbroad and unduly burdensome, vague, and ambiguous.

15. Primark Limited objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "aural records" telephonic, conversations and meetings not likely to have been recorded.

16. Primark Limited objects that to the definition of "All" as overbroad and impose an undue burden on Primark Limited because "All" may include: (a) information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure; (b) third-party customer information, disclosure of which would constitute an invasion of the privacy rights of those customers and disclosure of which would require those customers to be notified in advance of any disclosure of such information; (c) Primark Limited's confidential or proprietary information, trade secrets, research, development, commercial information, and/or any other competitively sensitive information; and/or (d) confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitive information belonging to a third party but entrusted to Primark Limited on conditions of confidentiality and non-disclosure, or the joint confidential information of Primark Limited and a third party.

17. Primark Limited objects to the definitions of the term "identify" to the extent it may call for information protected by the attorney-client privilege, the attorney work-product doctrine, or

4

any other lawfully recognized privilege or immunity from disclosure. Further, Primark Limited objects to this Definition as purporting to impose a greater burden on Primark Limited than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure.

18. Primark Limited objects to the definitions of the terms "YOU," and "YOUR" as vague, ambiguous, overbroad, unintelligible, unduly burdensome, and oppressive insofar as they include both Primark Limited and "any affiliated companies (meaning overlapping or common ownership or management), including their agents, employees, attorneys, predecessors, subsidiaries, and any other person or entity acting on behalf of Defendants." Primark Limited responds to these Interrogatories on behalf of Primark Limited only. Further, Primark Limited objects to this Definition as purporting to impose a greater burden on Primark Limited than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure.

19. Primark Limited objects to the definition of the term "entity" as overbroad and unduly burdensome, vague, and ambiguous.

20. Primark Limited objects to the definition of the term "PRIMARK INFRINGING FOOTWEAR" as overbroad and unduly burdensome, vague, and ambiguous as it incorporates the footwear described and depicted in Paragraph 18 and 19 of the Complaint (Dkt. 1) and includes the shoes, photos of which are attached hereto as Exhibit A, as well as any additional footwear that Plaintiff may add to the claims made in the Complaint in the future. Defendant objects to this definition as exceeding the scope of discovery since the footwear at issue is limited to those pled in the Complaint. Defendant interprets "PRIMARK INFRINGING FOOTWEAR" to mean only the footwear products depicted in Paragraph 19 of the Complaint.

21. Primark Limited objects to the definition of the term "supplier" as overbroad and unduly burdensome, vague, and ambiguous.

22. Primark Limited objects to Plaintiff's instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or

5

discovery obligation on Primark Limited other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.Primark Limited reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Interrogatories at trial in this or any other action for any purpose whatsoever. Primark Limited hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1.

IDENTIFY the PERSON YOU believe to be most knowledgeable and who possesses knowledge, information, or DOCUMENTS related to YOUR corporate formation, corporate finance, marketing, design and sales, including the identity of everyone on YOUR design, sales and marketing teams for the PRIMARK INFRINGING FOOTWEAR and the purchasing, sourcing, importing, marketing, advertising, promotion, distributing, offering for sale, sale, and/or distribution of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 1

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as compound. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "purchasing, sourcing, importing, marketing, advertising, promotion, distributing, offering for sale, sale, and/or distribution of the PRIMARK INFRINGING FOOTWEAR". Primark Limited also objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its objections, Primark Limited is available to meet and confer

with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 2.

IDENTIFY, by model name, version, and SKU number, all of the PRIMARK INFRINGING FOOTWEAR that YOU have purchased, acquired, sourced, imported, marketed, promoted, offered for sale, sold, and/or distributed since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 2

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "YOU have purchased, acquired, sourced, imported, marketed, promoted, offered for sale, sold, and/or distributed". Primark Limited also objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about footwear sold outside of the U.S.

Subject to and without waiving its objections, Primark Limited responds as follows: Primark Limited does not and did not sell the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) in the U.S.

INTERROGATORY NO. 3.

IDENTIFY each and every PERSON, entity, distributor, or SUPPLIER from whom YOU purchased, acquired, sourced, imported, or received the PRIMARK INFRINGING FOOTWEAR, or any component of the PRIMARK INFRINGING FOOTWEAR, since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 3

7

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "YOU purchased, acquired, sourced, ore received the PRIMARK INFRINGING FOOTWEAR, or any component of the PRIMARK INFRINGING FOOTWEAR". Primark Limited also objects that this interrogatory is overly broad since it requests information since the date Primark Limited began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR. Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information.

INTERROGATORY NO. 4.

State with specificity, by year, all gross revenue earned by YOU in the United States as a result of YOUR sale of the PRIMARK INFRINGING FOOTWEAR since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 4

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited also objects that this interrogatory is overly broad since it requests information since the date Primark Limited began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR. Primark Limited further objects to this interrogatory as vague and ambiguous with respect to the phrase "earned by YOU in the United States." Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information.

Subject to and without waiving its objections, Primark Limited responds as follows: Primark Limited does not and did not sell the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) in the U.S.

INTERROGATORY NO. 5.

State with specificity, by year, all expenses incurred by YOU as a result of the sale of the PRIMARK INFRINGING FOOTWEAR, since the date YOU began doing business.

ANSWER TO INTERROGATORY NO. 5

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent it asks about any expenditure that occurred outside the U.S. Primark Limited also objects that this interrogatory is overly broad since it requests information since the date Primark Limited began doing business, which is longer than the time it sold the alleged PRIMARK INFRINGING FOOTWEAR.

Subject to and without waiving its objections, Primark Limited will respond to this interrogatory upon entry of a mutually agreeable protective order.

INTERROGATORY NO. 6.

IDENTIFY all of YOUR channels of importation and/or distribution for the PRIMARK INFRINGING FOOTWEAR since the date YOU began doing business, including but not limited to the identity of all of your sources of supply of any such products.

ANSWER TO INTERROGATORY NO. 6

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "all of your sources of supply of any such products". Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and

9

competitively sensitive information. Primark Limited further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence because it asks about activities that occurred outside the U.S.

INTERROGATORY NO. 7.

Describe in detail the design process, from initial conception through production, for the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 7

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "design process, from initial conception through production". Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

INTERROGATORY NO. 8.

STATE all addresses in the United States and abroad at which YOU operate YOUR business, including brick-and-mortar and online stores, warehouses, storage facilities, offices, buildings, or other facilities.  For the purposes of this interrogatory, responsive addresses should include any place where YOU store YOUR inventory of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 8

Primark Limited hereby restates and incorporates the Objections to Definitions and

Instructions as set forth above. Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited further objects to this interrogatory overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence. Primark Limited further objects to the interrogatory to the extent it seeks information that is a matter of public record equally accessible and/or ascertainable to Plaintiff or otherwise can be obtained from a source other than Primark Limited.

Subject to and without waiving its objections, Primark Limited responds as follows: Primark Limited does not operate brick-and-mortar stores in the U.S.

INTERROGATORY NO. 9.

IDENTIFY all persons involved in the design, development, production, manufacture, marketing and/or sale, of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 9

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "design, development, production, manufacture, marketing and/or sale". Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited also objects to this interrogatory on the grounds that it is overly broad and burdensome to the extent it requests the identity of "all persons". Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence to the extent it asks about any activities that occurred outside the U.S.

11

Subject to and without waiving its objections, Primark Limited is available to meet and confer with Plaintiff to better understand what this interrogatory is seeking and to reasonably narrow and tailor the scope of the interrogatory.

INTERROGATORY NO. 10.

IDENTIFY all persons involved in marketing of the PRIMARK INFRINGING FOOTWEAR in the United States. For the avoidance of doubt, persons IDENTIFIED in response to this interrogatory need not be located or domiciled in the United States, as this Interrogatory seeks the identity of individuals with any responsibility for the marketing of the PRIMARK INFRINGING FOOTWEAR directed towards customers in the United States.

ANSWER TO INTERROGATORY NO. 10

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to the Interrogatory as vague and ambiguous. Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited further objects to this interrogatory as overbroad and unduly burdensome and as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence. Primark Limited also objects to this interrogatory on the grounds that it is overly broad and burdensome to the extent it requests the identity of "all persons".

Subject to and without waiving its objections, Primark Limited responds as follows: Primark Limited does not and did not market the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) in the U.S.

INTERROGATORY NO. 11.

IDENTIFY all persons involved in the distribution and sales of the PRIMARK

INFRINGING FOOTWEAR in the United States. For the avoidance of doubt, persons IDENTIFIED in response to this interrogatory need not be located or domiciled in the United States, as this interrogatory seeks the identity of individuals with any responsibility for the distribution and sales of the PRIMARK INFRINGING FOOTWEAR to customers in the United States.

ANSWER TO INTERROGATORY NO. 11

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to the Interrogatory on the grounds that it seeks confidential and competitively sensitive information. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its objections, Primark Limited responds as follows: Primark Limited does not and did not distribute or sell the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) in the U.S.

INTERROGATORY NO. 12.

IDENTIFY all persons involved in design, updating, and maintenance of the Primark website, including without limitation any version of the website accessible in the United States.

ANSWER TO INTERROGATORY NO. 12

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

INTERROGATORY NO. 13.

IDENTIFY all countries in which YOU have sold any of the PRIMARK INFRINGING FOOTWEAR.

ANSWER TO INTERROGATORY NO. 13

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.

INTERROGATORY NO. 14.

IDENTIFY all persons involved in the development, design, production, display in any forum or media, and airing or presentation on any forum or media of the PRIMARK VIDEO.

ANSWER TO INTERROGATORY NO. 14

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this Interrogatory as vague and ambiguous with respect to the phrase "persons involved in the development, design, production, display in any forum or media, and airing or presentation on any forum or media of the PRIMARK VIDEO". Primark Limited interprets that phrase to mean all persons involved with the filming of the PRIMARK VIDEO. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information outside the scope of permissible discovery because it relates to the PRIMARK VIDEO that was solely referencing the UK and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 15.

STATE the brand and model of the shoes shown in the screenshots from the PRIMARK VIDEO that are attached hereto as Exhibit B.

ANSWER TO INTERROGATORY NO. 15

Primark Limited hereby restates and incorporates the Objections to Definitions and Instructions as set forth above. Primark Limited further objects to this interrogatory as seeking information outside the scope of permissible discovery in that it seeks information outside the scope of permissible discovery because it relates to the PRIMARK VIDEO that was solely referencing the UK and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  September 29, 2020                              WINSTON & STRAWN LLP


                                                        By: /S/ Jennifer A. Golinveaux
                                                             Jennifer A. Golinveaux

                                                        Attorneys for Defendant Primark Limited

# CERTIFICATE OF SERVICE

## United States District Court for the Eastern District of New York

**Case No.: 19-cv-06189-LDH-RML**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On September 29, 2020, I served the following document(s):

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT PRIMARK LIMITED**

☒ by electronically transmitting a copy of the document or documents listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.

☒ by placing a copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

| | |
|---|---|
| Ari M. Berman<br>Pillsbury Winthrop Shaw Pittman LLP<br>31 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 858-1264<br>ari.berman@pillsburylaw.com | Kenneth E. Keller<br>Vijay K. Toke<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 983-1084<br>kenneth.keller@pillsburylaw.com<br>vijay.toke@pillsburylaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed: *Kelley A. Garcia*
Kelley A. Garcia

Dated:   September 29, 2020

AmericasActive:15071266.1