

North America  Europe  Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 561-1506
JGolinveaux@winston.com

November 20, 2020

<u>VIA ECF</u>

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Airwair International Ltd, a company of the United Kingdom, v. Primark US Corporation, a Delaware corporation, Primark Limited, a limited company in England and Wales*, **Case No. 19-cv-06189 LDH-RML**

Dear Judge Levy:

Defendants hereby respond to Plaintiff's letter brief filed on November 16, 2020 seeking an extension of all case deadlines. Defendants submit that a one-month extension for mediation is reasonable in the circumstances. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Plaintiff fails to show good cause to extend the other case deadlines at this time.

## I. An Extension of the Mediation Deadline to December 16 is Reasonable and Will Facilitate Meaningful Settlement Discussions.

As noted in Defendants' November 10, 2020 letter brief requesting entry of a Confidentiality Order, the deadline to mediate this case was November 16, 2020. *See* Dkt. No. 21. On that day, Plaintiff filed its letter brief with the Court requesting an extension. The parties have been actively discussing settlement for months now. As Plaintiff is aware, the shoe models at issue in this action are no longer sold in the U.S. and total U.S. sales were tiny. Defendants are prepared to provide documentation regarding such sales as part of settlement discussions promptly upon entry of a Protective Order for the case.[1] To allow time for that to happen, Defendants propose a one-month extension of the deadline to mediate until December 16, 2020 so that the mediation can be conducted before the end of year holidays. Plaintiff's request for a two-and-a-half-month extension of the deadline for mediation is unnecessary and would simply further delay meaningful settlement discussions. An extension to mediate until January 28, 2021 as proposed by Plaintiff simply prolongs an unnecessary dispute involving shoes that are no longer on the market. Accordingly, Defendants request that the mediation deadline is extended until December 16, 2020.

## II. Plaintiff Has Failed to Show Good Cause to Further Extend The Other Case Deadlines.

At Plaintiff's request, the parties already stipulated earlier this year to extend the case deadlines by three months and the Court approved the extended schedule. *See* Dkt. No. 19.

---

[1] Defendants' filed their letter requesting entry of a Protective Order on November 11, 2020.



Plaintiff fails to show good cause to further extend the case deadlines by months as it requests. Written discovery has been served and responded to by both parties. While documents still need to be produced and the parties are meeting and conferring on certain discovery, fact discovery is not set to close for nearly three months and there is no cause at this stage to extend the fact discovery and other case deadlines.[2]

### III. Plaintiff Has Failed to Show Good Cause to Extend the Motion to Amend Deadline That Passed Months Ago.

To extend a case deadline that has already passed, a party must show good cause, which Plaintiff fails to show here. A party seeking leave to amend its pleading after the expiration of the deadline must show good cause to modify the scheduling order. *See Sea Tow Servs. Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CV095016PKCGRB, 2014 WL 12920839, at *3 (E.D.N.Y. Aug. 1, 2014). A finding of "good cause" depends on the diligence of the moving party. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). A party's failure to act with diligence includes basing a proposed amendment on information that the party knew, or should have known, in advance of the deadline. *Id.*, at 340. Plaintiff claims that it identified a new allegedly infringing shoe model in August 2020, but the deadline to amend was June 25, 2020. Plaintiff knew that the deadline to amend had passed when it discovered the new allegedly infringing model in August 2020. Yet Plaintiff did not bring this issue to the Court until months later, on November 16, 2020. Plaintiff did not act with diligence. "Even where the prejudice to the non-moving party 'may well be minimal,' a failure to show good cause can warrant denial of a motion to amend." *Oppenheimer & Co. Inc. v. Metal Mgmt.*, Inc., No. 08 Civ. 3697, 2009 U.S. Dist. LEXIS 71608, 2009 WL 2432729, at *4 (S.D.N.Y. July 31, 2009), *aff'd*, 2010 U.S. Dist. LEXIS 19169, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010). And here, Defendants would be prejudiced by expanding the case to new shoe models near the end of the fact discovery period. Plaintiff fails to offer any good cause for their delay in bringing this issue to the Court. Its request should be denied.

Accordingly, Defendants propose extending the deadline to mediate by one month, until December 16, 2020 and no changes to the other deadlines at this time. This would leave the case schedule as follows:

| **Description** | **Current Deadline** | **New Deadline** |
| --- | --- | --- |
| Time to amend pleadings by Plaintiff | June 25, 2020 | June 25, 2020 |
| Deadline for mediation | November 16, 2020 | December 16, 2020 |
| Close of fact discovery | February 18, 2021 | February 18, 2021 |
| Expert reports plaintiffs/counterclaimants | April 22, 2021 | April 22, 2021 |

---

[2] Setting the deadline to mediate at December 16, 2020 also provides ample time for the parties to conclude fact discovery by the current deadline, February 18, 2021, in the event mediation is unsuccessful.



| Description | Current Deadline | New Deadline |
|---|---|---|
| Expert reports defendants/counterdefendants | June 3, 2021 | June 3, 2021 |
| Close of expert discovery | July 1, 2021 | July 1, 2021 |
| Deadline for dispositive motions | August 26, 2021 | August 26, 2021 |

Dated:  November 20, 2020

WINSTON & STRAWN LLP

By: /s/ *Jennifer A. Golinveaux*
    Jennifer A. Golinveaux

Attorneys for Defendants
PRIMARK US CORPORATION
PRIMARK LIMITED