

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 561-1506
JGolinveaux@winston.com

November 23, 2020

<u>VIA ECF</u>

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Airwair International Ltd, a company of the United Kingdom, v. Primark US Corporation, a Delaware corporation, Primark Limited, a limited company in England and Wales*, **Case No. 19-cv-06189 LDH-RML**

Dear Judge Levy:

Defendants submit this reply to Plaintiff's response (Dkt. No. 23) to Defendants' letter brief requesting the entry of a protective order (Dkt. No. 21). Not only does Plaintiff's response violate Local Rule 37 by being more than double the page limit, it fails to provide any on point authority for Plaintiff's extraordinary position that it should be permitted to use the discovery process in this litigation to seek confidential information for use in parallel proceedings against a different Primark entity in Europe. Defendants respectfully submit this brief reply (which together with their opening letter brief is still shorter than Plaintiff's response) to address these issues.

## I.   Plaintiff's Response Violates the Local Rules on Permitted Page Limits.

Local Rule 37(c) states that an opposing party may submit a responsive letter *not exceeding three pages* attaching relevant materials. Plaintiff's response, however, is seven pages and includes five exhibits ranging from 3-47 pages. Defendants' letter brief abided by the three-page limit. Plaintiff should not be permitted to flaunt the Local Rules.

## II.   Plaintiff's Request To Use Confidential Discovery Obtained in This Action in a Separate Foreign Action Should be Rejected.

As is entirely standard and appropriate, Your Honor's standing Confidentiality Order contemplates use of confidential information obtained in discovery to be limited to the instant litigation. Plaintiff has failed to cite any on point authority to support its position that it should be permitted to expand the Confidentiality Order to expressly authorize it to seek and use confidential discovery in this case to bolster foreign proceedings. Plaintiff's attempt to rely on *Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378, 383 (S.D. Fla. 2008) is premised on a faulty analysis. Plaintiff argues that *Sony Computer* implies that use of documents produced in one litigation is appropriate in a substantially related litigation. However, the court's analysis regarding the scope of use of documents in *Sony Computer* was narrowly constricted to a proposed burden-shifting provision in the protective order to have the adverse party, show by clear and convincing evidence, that it did not obtain the identity of customers or suppliers through unauthorized Confidential Attorney Eyes Only information. *Id.* at 383. The court's opinion was limited to finding that specific burden-shifting provision to be unnecessary when balancing the respective parties' interests of access to documents on the one



hand and potential for misuse on the other. Plaintiff's position is also incorrect because it asserts that the parallel litigation involves the same trade dress asserted by Plaintiff. However, each litigation is based on Plaintiff's respective U.S. and EU trade dress registrations in those countries only. The principle of territoriality is fundamental to trademark law. A trademark has a separate legal existence under each country's laws and trademark rights exist in each country solely according to that nation's laws. *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 70, 86 U.S.P.Q.2d 1821 (2d Cir. 2008).

Here Plaintiff acknowledges that neither Defendant in this case is party to the parallel EU litigation. Yet Plaintiff insists on being permitted to use confidential information produced by Defendants in this case in parallel proceedings against other Primark entities and appears to be delaying settlement discussions and mediation towards that end. This is an entirely improper use of the discovery process.

Plaintiff's rationale for using Defendants' documents in the EU litigation lacks merit. Plaintiff argues that it should be able to use Defendant Primark Limited's documents in the EU litigation because it is the parent of the defendant in the EU litigation. Not only is that false, it does not justify using discovery in this case to bolster claims in a parallel foreign proceeding.

### III.   An Attorney's Eyes Only Designation is Appropriate Here Given the Role of Plaintiff's In-House Counsel over this Action and the Parallel Foreign Action.

An Attorney's Eyes Only designation is contemplated in Your Honor's standing Confidentiality Order in appropriate circumstances. It is appropriate here since Plaintiff's in-house counsel plays a role managing both litigations and Plaintiff admittedly wishes to use documents in this case to advance other foreign enforcement actions. *See Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378 (S.D. Fla. 2008) (holding that an "attorneys' eyes only" designation was appropriate where plaintiff's in-house counsel had a significant role in enforcement decisions making it difficult for her to "compartmentalize" the information she received.) Plaintiff's in-house counsel manages both litigations, has verified Plaintiff's discovery responses, in addition to relevant documents submitted to the USPTO, such as trademark applications. Plaintiff admittedly wishes to use discovery in this action in connection with parallel foreign enforcement proceedings and confirms that they are planning to share documents with their in-house client, who is in charge of global enforcement for Plaintiff. (*See* Dkt. No. 23 at 2, 5, and 6.) Even with the best-intentioned counsel, it is difficult for a person to compartmentalize information. Defendants cited to *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015) for this proposition, and Plaintiff's assertion that the case is inapplicable because it dealt with a bar on patent prosecution counsel misses the point.

An AEO designation is also necessary here because the parties sell the same lines of products and the range of documents to be produced in this litigation, such as revenue, design and supplier information that Plaintiff is seek, are confidential and commercially sensitive. Plaintiff's attempt to distinguish *Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, No. 97 Civ. 5139, 1999 WL 13257 (S.D.N.Y. Jan.13, 1999) is incorrect. First, *Vesta Corset* was not limited to disclosure of trade secrets. The parties in *Vesta Corset* were both engaged in the business of designing, manufacturing, distributing, and selling intimate apparel for women and the issue related to disclosure of confidential information to each parties' presidents. The disclosure of specific documents at issue in *Vesta Corset* included documents "relating to its [Vesta's] pricing, profits, costs, overhead, manufacturing specifications, customer lists, price structure, and dealings with a common customer." *Id.* at 1. Essentially identical documents at



issue here. The court stated, "[t]his action involves one of those rare instances where a party's right to review all material produced in discovery may be limited due to the commercially sensitive nature of the information." *Id*. at 2. The court found that "[p]rotective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." *Id.* at 3.

For all of these reasons and the reasons stated in Defendants' opening letter brief, Defendants respectfully request that their version of Your Honor's standing Confidentiality Order be adopted.

Dated:  November 23, 2020         WINSTON & STRAWN LLP

By: /s/ *Jennifer A. Golinveaux*
    Jennifer A. Golinveaux

Attorneys for Defendants
PRIMARK US CORPORATION
PRIMARK LIMITED