ADVOCATEN • NOTARISSEN • BELASTINGADVISEURS          • NautaDutilh

Anne Marie Verschuur
Advocaat/lawyer                                    Amsterdam, 22 December 2020
T +31 20 71 71 821
F +31 20 71 71 335
M +31 6 2021 0495
annemarie.verschuur@nautadutilh.com

**Memorandum**    To           Pillsbury Winthrop Shaw Pittman LLP
                               Kenneth E. Keller
                  Concerning   Dutch proceedings

I, *Mr. drs.* Anne Marie Emilie Verschuur LLM[1], *advocaat* (lawyer) and partner with NautaDutilh N.V. in Amsterdam, The Netherlands, hereby declare the following.

On 20 December 2019, the President of the District Court of Amsterdam, The Netherlands, rendered judgment in the preliminary injunction proceedings between Airwair International Limited ("**Airwair**") as plaintiff and Primark Netherlands B.V. ("**Primark**") as a defendant, with case/docket no. C/13/675004 / KG ZA 19-1157 FB/MB (the "**Judgment**"). In the Judgment, as further discussed below, Airwair's claims were dismissed.

On 16 January 2020, Airwair timely filed an appeal against the Judgment. This appeal is currently pending before the Court of Appeal of Amsterdam, The Netherlands, with case no. 200.277.196/01. An oral hearing is scheduled to take place on 4 February 2021 and the deadline for filing further evidence (exhibits) is ten days before then. I will further explain the possibility to provide such further evidence below.

*Two factual instances*

In the Netherlands, there is a general right to have a case handled in two factual instances (first District Court, then Court of Appeal).[2] No leave for appeal is required, the parties have the right to appeal (with only very limited exceptions, the above case not being one of those). On appeal, new arguments, facts and evidence may be introduced.

---

[1] "*Mr. drs.*" (both University of Utrecht, the Netherlands) are the Dutch equivalents of LLM. and MA. The LLM is from Duke University.

[2] After that, an appeal to the Dutch Supreme Court is possible, but that is limited in scope.

This communication is confidential and may be subject to professional privilege. It may not be used, disclosed, copied, distributed or retained by anyone other than the intended addressee. All legal relationships are subject to NautaDutilh N.V.'s general terms and conditions (see www.nautadutilh.com/terms), which include a limitation of liability clause, have been filed with the Rotterdam District Court and will be provided free of charge upon request. Dutch law is applicable and disputes shall be submitted exclusively to the Amsterdam District Court. NautaDutilh N.V.; corporate seat Rotterdam; trade register no. 24338323. For information concerning the processing of your personal data we refer to our privacy policy: www.nautadutilh.com/privacy.

Amsterdam

Brussels

London

Luxembourg

New York

Rotterdam

*Submission evidence*

Most of the evidence on appeal (in addition to the evidence submitted in the first instance, which also remains part of the case) is usually submitted together with the statement of claim (containing the appeal grounds) and the reply thereto, in line with art. 347(1) Dutch Code of Civil Procedure ("**DCCP**").

> English translation[3] art. 347(1) DCCP: "*On appeal, a statement of claim and a statement of reply are submitted.*"[4]

The Procedural Rules of the Dutch Courts of Appeal for civil matters initiated by a writ of summons[5], in line with the Dutch Code of Civil Procedure, furthermore explicitly allow the submission of exhibits before the oral hearing[6]:

> English translation: "***4.5 Procedural acts and exhibits on the occasion of an oral hearing, witness hearing or descente***
> *A party who on the occasion of an oral hearing, witness hearing or descente wishes to (…) submit exhibits, makes sure that the court and the other party, taking into account the term of art. 87(6) DCCP, have received a copy of the (…) exhibits to be submitted. (…)*"[7]

Art. 87(6) DCCP, states:

> English translation: "*Notwithstanding article 85, submissions and other documents will as much as possible be submitted with the writ of summons or statement of reply and no later than ten days before the oral hearing, unless the law prescribes another term. Documents submitted after this term or at the oral hearing will not be taken into account by the judge, unless this is contrary to proper procedure.*"[8]

---

[3] The English translations in this declaration are office translations from Dutch.
[4] Original Dutch text: "*In hoger beroep worden een conclusie van eis en een conclusie van antwoord genomen.*"
[5] Landelijk procesreglement voor civiele dagvaardingszaken bij de gerechtshoven, available at www.rechtspraak.nl.
[6] Eventually, it will be up to the Court of Appeal to evaluate the relevance of the further exhibits, and they may also decide not to accept them if they deem them contrary to proper procedure (which they usually either indicate during the oral hearing or in the judgment in due course).
[7] Original Dutch text: "***4.5 Proceshandelingen en bewijsstukken bij gelegenheid van mondelinge behandeling, getuigenverhoor of descente*** *Een partij die bij gelegenheid van een mondelinge behandeling, getuigenverhoor of descente nog (…) bewijsstukken in het geding wenst te brengen, zorgt ervoor dat het hof en de wederpartij, met inachtneming van de termijn van artikel 87 lid 6 Rv, een afschrift van (…) de in het geding te brengen bewijsstukken hebben ontvangen. (…)*"
[8] Original Dutch text: "*Onverminderd artikel 85, worden processtukken en andere stukken zoveel mogelijk onmiddellijk bij dagvaarding dan wel conclusie van antwoord en tot uiterlijk tien dagen voor de mondelinge behandeling in het geding gebracht, tenzij de wet een andere termijn voorschrijft. Stukken die na die termijn of ter zitting in het geding worden gebracht, worden door de rechter buiten beschouwing gelaten, tenzij de goede procesorde zich daartegen verzet.*"

In the present case, applying this term, further exhibits should be submitted in principle no later than 10 days before the hearing.

*Statements of Primark re design*

Both in the first instance before the President of the District Court of Amsterdam and on appeal (Court of Appeal of Amsterdam), in the context of its defence against Airwair's "slavish imitation" (a type of unfair competition under Dutch law) claims[9], Primark (through its Dutch counsel) among others stated that it purchased the products at issue as finished products and did not design those, and that for that reason there would be no slavish imitation:

> English translation:
> *176. Finally, Primark has purchased its products as a finished product and has not designed or commissioned them to be designed in such a way. It follows from case law that there can be no question of slavish imitation at all, since Primark has not imitated anything.*
> *177. Airwair has not established, let alone proved, any additional circumstances in respect of which Primark's conduct is nevertheless unlawful towards it, despite the fact that Primark did not design the products nor had them designed. Also for this reason a claim on the basis of slavish imitation or otherwise unlawful acts pursuant to Art. 6:162 of the Dutch Civil Code must be rejected.*"[10]

> English translation:
> *189. Finally, the Primark Products have been purchased as finished product and have not been designed by Primark itself. As also noted in the first instance, it follows from case law that in that case there can be no question at all of slavish imitation on the part of Primark. (…).*"[11]

These representations are significant because Primark has been and is (both in the first instance and now on appeal, see above) taking the position that "slavish"

---

[9] In addition, Airwair also invoked trademark rights and copyrights.

[10] Preliminary injunction proceedings (first instance) – Primark statement of reply 5 December 2019. Original Dutch text (excl. footnotes): "*176. Tot slot heeft Primark haar producten gekocht als gereed product en niet zelf ontworpen, noch opdracht gegeven om de producten op een dergelijke manier te ontwerpen. Uit de jurisprudentie volgt dan ook dat er überhaupt geen sprake kan zijn van slaafse nabootsing, nu Primark niets heeft nagebootst. 177. Airwair heeft geen bijkomende omstandigheden gesteld, laat staan bewezen, op grond waarvan het handelen van Primark toch onrechtmatig is jegens haar, ondanks het feit dat Primark de producten niet heeft ontworpen, noch heeft laten ontwerpen. Ook om deze reden moet een vordering op grond van slaafse nabootsing of anderszins onrechtmatig handelen op grond van art. 6:162 BW worden afgewezen.*"

[11] Preliminary injunction proceedings (appeal) – Primark statement of reply 4 August 2020. Original Dutch text (excl. footnotes): "*189. Tot slot zijn de Primark Producten gekocht als gereed product en niet door haar zelf ontworpen. Zoals in eerste aanleg ook al opgemerkt volgt uit de jurisprudentie dat er in dat geval überhaupt geen sprake kan zijn van slaafse nabootsing aan de kant van Primark. (…).*"

● NautaDutilh

4

copying requires involvement in the design of the accused products.

Date: ……22 December 2020……

Signature: ……/s/ Anne Marie Emilie Verschuur……

Anne Marie Emilie Verschuur
Partner
NautaDutilh N.V.