

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 561-1506
JGolinveaux@winston.com

December 23, 2020

**VIA ECF**

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Airwair International Ltd, a company of the United Kingdom, v. Primark US Corporation, a Delaware corporation, Primark Limited, a limited company in England and Wales*, **Case No. 19-cv-06189 LDH-RML**

Dear Judge Levy:

  Defendants submit this letter to respond briefly to Plaintiff's letter (Dkt. No. 31) filed on December 18, 2020 relating to the entry of a protective order and Plaintiff's subsequent submission of a Declaration from its Dutch litigation counsel regarding the status of an unrelated Dutch proceeding involving Plaintiff and a different Primark entity that is not a defendant in this action, namely Primark Netherlands B.V. (Dkt. No. 32).

  While the purpose of Plaintiff's letters and declaration is not entirely clear, Plaintiff appears to preemptively be laying the groundwork for potential future requests to modify the terms of the Protective Order Your Honor indicated the Court would enter, in order to allow certain discovery sought and produced in the U.S. litigation to be used in the separate Dutch proceeding against Primark Netherlands B.V. As the parties have not yet exchanged discovery pursuant to the Protective Order (as it has not yet been entered) there is no specific live issue requiring a response from Defendants.

  Defendants, however, do reiterate their position that Plaintiff's use of the discovery process in this U.S. litigation to seek discovery to advance an unrelated Dutch action, with entirely different discovery procedures, against a different Primark entity is an improper use of the U.S. litigation. During the November 24, 2020 hearing, Your Honor ruled that the Protective Order for the instant litigation would limit use of designated discovery to this litigation only—as is entirely standard—and would include an outside counsel's eyes only provision. In the event of a dispute, you noted that the parties could seek leave from the Court to contest a parties' designation on a case by case basis. Plaintiff is free to do so as appropriate and Defendants will respond accordingly at that time.

  Plaintiff's correspondence does, however, demonstrate Plaintiff's focus on the upcoming February 4, 2021 hearing on Plaintiff's appeal of the denial of its preliminary injunction motion in the Dutch proceeding against Primark Netherlands B.V. Plaintiff makes clear that it is seeking to obtain new discovery in this U.S. action to try to bolster its position on the Dutch appeal and to use at the February 4, 2021 hearing.



    Plaintiff's focus on the February 4 hearing raises another issue. Defendants are concerned that, in light of Plaintiff's focus on getting discovery in the U.S. litigation to use at that hearing, attempting to mediate this action by the current January 28, 2021 deadline is unlikely to be productive. It seems unlikely that Plaintiff intends to mediate the U.S. action in good faith prior to the February 4 hearing when it is so focused on using the U.S. proceeding to obtain discovery that it was unable to obtain in the Dutch proceeding to try to better its position on appeal. For this reason, Defendants suggest that it would be more productive to move the deadline to mediate out a month after the hearing in the Dutch proceeding.

    According, Defendants are presently meeting and conferring with Plaintiff's counsel as to whether they will stipulate, with the Court's approval, to extend the U.S. mediation deadline a month past the February 4th hearing and will report back to the Court accordingly. In the meantime, Defendants felt it was important to respond to Plaintiff's recent letters.

Dated:  December 23, 2020          WINSTON & STRAWN LLP

                                        By: /s/ *Jennifer A. Golinveaux*
                                            Jennifer A. Golinveaux

                                       Attorneys for Defendants
                                       PRIMARK US CORPORATION
                                       PRIMARK LIMITED