

Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor  |  San Francisco, CA 94111-5998  |  tel 415.983.1000  |  fax 415.983.1200

MAILING ADDRESS :  P.O. Box 2824, San Francisco, CA 94126-2824  |  San Francisco, CA 94111-5998

Kenneth E. Keller
tel: 415.983.1084
kenneth.keller@pillsburylaw.com

December 23, 2020

<u>VIA ECF</u>

The Honorable Robert M. Levy
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:   <u>AirWair International Ltd. v. Primark US Corp. and Primark Ltd.</u>
             Case No.: 1:19-cv-06189-LDH-RML

Dear Magistrate Judge Levy:

    We write in response to Primark's letter of earlier today.  In short, Primark's suggestion that AirWair's focus on discovery in this case is for the improper purpose of obtaining documents for the parallel Dutch proceedings is simply false, and AirWair reiterates its objection to such continued characterizations by Primark.

    As AirWair indicated at the November 24, 2020 telephonic hearing—and has consistently emphasized to Primark's counsel—the documents AirWair seeks in discovery are critical for AirWair to evaluate <u>this</u> case for mediation.  The parties agreed to seek the Court's order to extend the mediation deadline to the end of January 2021 to allow for the exchange of documents between the parties.  That has not changed, and there is therefore no need to further extend the mediation deadline, as the parties have agreed upon a January 28, 2021 mediation date, and AirWair produced today a large tranche of non-confidential documents sought by Primark, with a number of confidential documents ready for production upon entry of the confidentiality order.

    Notably, Primark has produced no non-confidential documents to date, presumably because the documents it intends to produce in response to discovery will all be designated Confidential and/or Attorneys' Eyes Only (AEO). Obtaining these documents as far in advance of the mediation to assess them is therefore of paramount importance, especially if some of the documents are designated AEO, and AirWair needs to seek the Court's leave to provide such documents to AirWair's in-house

December 23, 2020
Page 2

counsel in advance of the mediation. As the Court will recall, Primark is currently objecting to AirWair sharing any AEO documents with its in-house counsel.

Furthermore, AirWair maintains that such documents may also have relevance to the Dutch proceedings, and the Court specifically indicated at the November 24, 2020 hearing that it would afford AirWair the right to seek leave to use such documents in the Dutch proceedings as well, which Primark's letter of today acknowledges. At the last hearing regarding the confidentiality order the Dutch appeal had not yet been set for hearing. Furthermore, Primark's counsel incorrectly argued that AirWair could not produce new documents at this appeal hearing. That is not correct.

Since the last hearing, the Dutch Proceeding has been set for hearing on February 4, 2021 and documents must be offered into evidence in the Dutch appeal proceeding by on or about January 25, 2021. AirWair has submitted a declaration from its Dutch counsel to clarify any misunderstanding created at the last hearing regarding the ability to submit new evidence at that appeal hearing.

Primark's latest request to further extend the mediation deadline can only be interpreted as an attempt to block any ability of AirWair to raise the issue of the use of Primark's documents with this Court. As stated above, the court explicitly gave AirWair the ability to raise this issue and Primark should not be allowed to effectively deny AirWair this opportunity under the guise of moving the mediation date. If the mediation date is moved, Primark will delay producing documents until the deadline for producing any documents in the Dutch appeal hearing has passed. Primark's attempts to delay its document production here by pushing the mediation deadline illustrate precisely why the confidentiality order should be entered as soon as possible and the exchange of documents should be completed in the upcoming weeks before the January 28, 2021 mediation.

AirWair therefore respectfully reiterates its request that the Court enter the confidentiality order at its earliest convenience. AirWair also opposes Primark's latest attempt to avoid producing documents in this case by extending the mediation deadline once again.

Respectfully submitted,

/s/ Kenneth E. Keller
Kenneth E. Keller

Attorneys for Plaintiff AIRWAIR INT'L LTD.

cc:     All Counsel of Record (via ECF)

www.pillsburylaw.com