

Pillsbury Winthrop Shaw Pittman LLP

Four Embarcadero Center, 22nd Floor  |  San Francisco, CA 94111-5998  |  tel 415.983.1000  |  fax 415.983.1200

MAILING ADDRESS :  P.O. Box 2824, San Francisco, CA 94126-2824  |  San Francisco, CA 94111-5998

Kenneth E. Keller
tel: 415.983.1084
kenneth.keller@pillsburylaw.com

January 8, 2021

<u>VIA ECF</u>

The Honorable Robert M. Levy
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     <u>AirWair International Ltd. v. Primark US Corp. and Primark Ltd.</u>
        Case No.: 1:19-cv-06189-LDH-RML

Dear Magistrate Judge Levy:

We are unfortunately forced to write the Court once again regarding the ongoing discovery disputes with Primark.  As AirWair predicted in its correspondence to the Court on December 23, 2020 (Dkt No. 34) Primark is shirking its discovery obligations in order to avoid producing documents sought by AirWair.  Although AirWair has the right to seek an order from the Court once Primark produces documents to share those documents with AirWair's inhouse counsel and/or to be allowed to introduce those documents in other proceedings, Primark appears to be delaying production of its documents to deprive AirWair of those rights.

Despite the entry of the confidentiality order by the Court on December 26, 2020, Primark indicated it would need over a week—until yesterday, January 5, 2021—to produce documents despite its prior representations that its documents were ready for production and would be produced as soon as the confidentiality order was entered.

Moreover, Primark's production of documents on Tuesday, January 5, 2021, was completely inadequate.  It consisted of a grand total of 7 documents, which are comprised solely of heavily redacted purchase orders and invoices with Primark's foreign manufacturers.  It is hard to imagine why Primark needed an additional 10 days from the entry of the confidentiality order to produce just over a handful of documents.  Primark has now indicated it produced the documents in such heavily redacted form, without a privilege or redaction log, so that it could designate the documents "Confidential" and AirWair could share them with its in-house contact.  These documents in their redacted form provide almost no information, and none of it useful for mediation.  Primark has

January 8, 2021
Page 2

agreed to produce these documents in unredacted form with AEO designations.  AirWair
reserves its rights to challenge those designations.

Moreover, Primark previously indicated that it had documents which would address the
crucial issue of its role in the design of the allegedly infringing footwear.  However, none
of the produced documents include any detail on design or the full supply chain for the
shoes in question, information AirWair has informed both Primark and the Court that it
needs in order to conduct a meaningful mediation in this case. [1]  Primark has now changed
its position once again on the issue of design, now claiming Primark Ltd. had no role in
the design of the infringing shoes and merely purchased the shoes "off the shelf" from its
Asian suppliers.  Yet, Primark has provided no documents regarding the circumstances of
its purchase or the full supply chain from design to distribution, all of which were
repeatedly requested by AirWair.  It is inconceivable that the sum total of documents
related to the purchase of the shoes in question for a large company like Primark is seven
documents.  AirWair has stressed the importance for mediation of documents surrounding
the design, purchase, distribution, and supply chain of the shoes in question.  Yet none but
heavily redactd (and therefore virtually useful) have been produced.

Further, Defendants have supplemented their interrogatory responses with only a
modicum of new information.  None of this new information is adequate to assess this
case for mediation.  For example, Primark provides the total gross revenues from the sale
of the accused shoes and a net profit number but without any detail of how they were
calculated.  AirWair therefore has no ability to actually assess the accuracy of these
numbers or what they are based on.  And consistent with its document production, neither
do the responses shed any light on the design of the accused shoes or Primark's full supply
chain or even the circumstances surrounding the purchase of the shoes in question.

Additionally, Primark has inexplicably designated its gross revenues and expenses as
AEO, shielding these critical and basic information from AirWair's in-house client
contact.  Only Primark's claimed net profit number was designated solely confidential, yet
without any underlying documentation to substantiate the calculation.  There is simply
no basis for such over-designation, nor has Primark provided any other than asserting it is
commercially sensitive information.  AirWair has challenged that designation, but Primark
has maintained it.

In short, Primark appears to be taking matters into its own hands to postpone any
meaningful mediation by stonewalling in producing documents and information, despite
representations for weeks that it was ready to produce responsive documents once the
confidentiality order was entered.  As noted, AirWair is currently meeting and conferring
with Primark to provide the requested information and documentation.  If it is not
forthcoming, AirWair anticipates the need to obtain the Court's expedited assistance to
ensure that Primark fulfills its discovery obligations.  AirWair writes this letter to apprise
the Court of this ongoing dispute and that AirWair anticipates the need to seek court

---

[1]  In contrast, AirWair produced over 10,000 pages of responsive documents to Primark prior to and just
after the entry of the confidentiality order.

January 8, 2021
Page 3


intervention if Primark is not immediately and fully compliant with its promises to produce the documents and information AirWair needs to meaningfully mediate this case. AirWair also needs these documents now so it can assess them and determine if it will seek an order from the Court to allow for introduction of these documents in other proceedings.

Respectfully submitted,

/s/ Kenneth E. Keller
Kenneth E. Keller

cc:     All Counsel of Record (via ECF)