

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 561-1506
JGolinveaux@winston.com

January 12, 2021

**VIA ECF**

The Honorable Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Airwair International Ltd, a company of the United Kingdom, v. Primark US Corporation, Primark Limited*, Case No. 19-cv-06189 LDH-RML

Dear Judge Levy:

Defendants submit this letter to respond briefly to Plaintiff's letter (Dkt. No. 35) filed on Friday, January 8, 2021. The purpose of Plaintiff's letter is unclear since it is not a motion to compel. Rather it appears merely to be a premature effort to distort the narrative regarding the parties' discovery efforts, full of misleading statements, and failing to mention that the parties had already resolved certain of the issues Plaintiff mentions regarding redactions this week. Plaintiff's complaint that Defendants are somehow shirking their discovery obligations or delaying production of key documents for tactical reasons lacks any merit.

Leading up to this month's scheduled mediation on January 28, the parties agreed to produce a targeted set of documents that each side considered important for a meaningful mediation. Plaintiff now suggests to the Court that Defendants are improperly withholding design or "supply chain" documentation. Defendants have repeatedly made clear to Plaintiff, however, (including in their interrogatory responses) that Defendants *did not design* the shoe models at issue, which were purchased from a third-party manufacturer based on the manufacturer's available models that season. Specifically, in response to Plaintiff's interrogatory asking about the design process, Defendant Primark Limited's interrogatory responses stated unequivocally as follows:

> Primark Limited did not design the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1). The allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) was purchased from a third-party manufacturer, who is identified in Defendants' document production, based on the manufacturer's available models that season. The decision to purchase the allegedly infringing footwear described in Paragraph 18 and 19 of the Complaint (Dkt. 1) was made during in-person meetings with the manufacturer that took place in China in November 2018.

Similarly, Primark US's interrogatory responses stated as follows: "Primark US is not involved in the design process for the allegedly infringing footwear."

Plaintiff's assertion that Primark's position on the issue of design has somehow changed is simply false as Primark has never taken any other position on the issue of design. As noted, Primark did not design the shoes at issue and the decision to purchase the models was made during in-person meetings with the manufacturer in China. Thus, Defendants simply do not



The Honorable Robert M. Levy
January 12, 2021
Page 2

have the categories of documents that Plaintiff insists they are withholding, and clearly cannot produce documents they do not have.

Plaintiff's repeated complaint that Defendants have only produced seven documents to date, which fail to address the "full supply chain" is equally misleading. What Plaintiff fails to mention is that those documents include more than 100 pages of detailed purchase orders and invoices relating to the purchase of the shoes, which identify the manufacturer, the amounts ordered, and the cost of goods purchased.[1] Defendants have explained this to Plaintiff at length in meet and confer correspondence.

Finally, while acknowledging that Primark has provided both its gross revenue and net profit information regarding the shoe models at issue (Primark also specified by year its total expenses in response to Plaintiff's interrogatories), Plaintiff complains that it improperly designated the gross revenue and expenses information as AEO. As Primark explained to Plaintiff, Primark US designated its total net profit information as merely confidential specifically so that Plaintiff could share that information with AirWair's in-house counsel, but Primark's expense information is highly confidential trade secret information, which was provided to AirWair's outside counsel, but properly designated as AEO. Plaintiff has identified no reason that AirWair's in-house counsel would require access to information about Primark's margins.

Finally, Plaintiff's letter attempts to create the false impression that Defendants have shirked their discovery obligations, while boasting that AirWair recently produced over 10,000 pages of documents to Defendants. What AirWair fails to mention is that *the overwhelming majority* of those documents (more than 95%) consist entirely of poor-quality PDF scans of what appears to be self-serving articles about the company and a spattering of advertisements, many of which are illegible. Meanwhile, in contrast to Primark, Plaintiff initially responded to Defendants' interrogatories and admissions requests *entirely* with form objections in order to delay providing substantive responses. While it has since supplemented the improper responses, those supplements too are woefully inadequate, which Defendants will address with the Court, as necessary, after the parties complete their ongoing meet and confer efforts.

Dated:  January 12, 2021                          WINSTON & STRAWN LLP

                                                  By: /s/ *Jennifer A. Golinveaux*
                                                      Jennifer A. Golinveaux
                                                  Attorneys for Defendants
                                                  PRIMARK US CORPORATION
                                                  PRIMARK LIMITED

---

[1] While Plaintiff complains that Primark initially redacted the purchase price of the shoes from the invoices, Primark redacted this information so that Plaintiff could share the purchasing documents with AirWair's in-house counsel, which AirWair said was important. When AirWair raised this issue with Primark, Primark agreed to produce a second set of documents with the purchase price unredacted designated for outside counsel's eyes only. The other redactions relate to competitively sensitive sourcing information for other foreign Primark entities that are not part of this lawsuit.