

Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor  |  San Francisco, CA 94111-5998  |  tel 415.983.1000  |  fax 415.983.1200

MAILING ADDRESS :  P.O. Box 2824, San Francisco, CA 94126-2824  |  San Francisco, CA 94111-5998

Kenneth E. Keller
tel: 415.983.1084
kenneth.keller@pillsburylaw.com

March 3, 2021

<u>VIA ECF</u>

The Honorable Robert M. Levy
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: <u>AirWair International Ltd. v. Primark US Corp. and Primark Ltd.</u>
     Case No.: 1:19-cv-06189-LDH-RML

Dear Magistrate Judge Levy:

  Pursuant to Local Civil Rule 7.1(d) and Federal Rules of Civil Procedure, Rule 15(a)(2), Plaintiff AirWair International Ltd. ("AirWair") submit this letter seeking an order granting leave to file an amended complaint.  A copy of the proposed amended pleading is attached hereto as **Exhibit A**.  The Complaint in this action was filed on November 1, 2019 and alleged causes of action for (1) Trademark Infringement; (2) Federal False Designation of Origin; (3) Trademark Dilution; (4) Common Law Unfair Competition; and (5) New York Statutory Trademark Dilution. In support of those claims, the Complaint depicted three models of Defendants Primark US Corp. and Primark Limited's (collectively "Primark") footwear that is confusingly similar to AirWair's products and infringe on AirWair's trade dress.

  The proposed amendments do not add any additional causes of action; instead, they add allegations that two additional models of Primark's footwear infringed AirWair's trade dress.  These additional infringing models were discovered after the initial complaint was filed.  Specifically, the proposed amended complaint adds allegations that Primark sells footwear that is confusingly similar to the Genuine Dr. Martens® 2976 Boot and the Genuine Dr. Martens® 1461 Oxford.

  Rule 15(a)(2) states that the court should "freely give" parties leave to amend pleadings if "justice so requires."  Courts routinely hold that the bar for granting leave to amend a pleading is low.  *See Slayton v. American Exp. Co.*, 460 F.3d 215, 230 (2d Cir. 2006) ("Leave to replead is to be liberally granted."); *Laface v. Eastern Suffolk Boces*, 349 F. Supp. 3d. 126, 163 (E.D.N.Y 2018) ("Courts have construed [Rule 15(a)(2)] liberally . . . ." ).  Therefore, a motion for leave to amend a complaint should

March 3, 2021
Page 2

be granted unless the opposing party can show "undue delay, bad faith or dilatory motive, . . . repeated failure to cure deficiencies, . . . undue prejudice to the opposing party, . . . [or] futility of the amendment. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

      None of these factors are at issue here. AirWair is filing this motion for leave to amend its complaint without undue delay upon learning of the trade dress infringement arising from two additional products sold by Primark. The addition of these allegations will not unduly prejudice Primark: the parties are still in the early stages of discovery; no depositions have been taken; and no trial date has been set. The amendments are not futile as the court has not yet considered the substance of AirWair's claims. *See Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (quoting *Sterling v. Interlake Industries Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994)) ("A proposed claim may be labeled futile only where it is clearly 'frivolous or legally insufficient on its face.'"). Indeed, the proposed amendments simply add additional infringing products to the claims that AirWair has already alleged; Primark has not challenged those claims with any dispositive motion.

      Because it is in the interests of justice to allow the proposed amendments, AirWair respectfully requests an order granting leave to file the proposed amended complaint that is attached hereto as **Exhibit A**.

      Respectfully submitted,

      /s/ Kenneth E. Keller
      Kenneth E. Keller

      Attorneys for Plaintiff
      AirWair International Ltd.

Attachment

cc:    All Counsel of Record (w/attachment via ECF)