**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom, | Civil Action No. 1:19-cv-06189-LDH-RML |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, a limited company in England and Wales, | |
| Defendants. | |

**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT; (2) FEDERAL FALSE DESIGNATION OF ORIGIN; (3) TRADEMARK DILUTION; (4) COMMON LAW UNFAIR COMPETITION; AND (5) NEW YORK STATUTORY TRADEMARK DILUTION**

**PARTIES**

1. Plaintiff AIRWAIR INTERNATIONAL LTD. ("AirWair") is a company of the United Kingdom, located and with its principal place of business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom, and is a wholly owned subsidiary of Dr. Martens AirWair Group Ltd (AirWair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "AirWair" where appropriate).

2. Plaintiff AIRWAIR INTERNATIONAL LTD is engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear which is widely recognized and extremely popular throughout the world and in the United States and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive and world famous trade dress of its iconic boots and shoes has been used continuously by AirWair and is instantly recognizable.

3.     On information and belief, Defendant PRIMARK US CORPORATION

("Primark US") is a Delaware corporation located with its primary business address at 101 Arch

Street, Suite 300, Boston, Massachusetts, 02110.  On information and belief, Defendant

PRIMARK LIMITED, is a company registered in England and Wales, is located and has its

primary business address at Weston Centre, 10 Grosvenor Street, London, W1K 4Q ("Primark

Ltd.").  Collectively Primark US and Primark Ltd. are referred to as "Primark" where

appropriate.

4.     On information and belief, Primark is an online fashion retailer that markets,

distributes, and sells footwear products within this District through two of its stores—one located

in Kings Plaza Mall at 5100 Kings Plaza, Brooklyn, New York 11234 and the other store located

in Staten Island Mall at 2655 Richmond Avenue, Staten Island, New York 10314—and on its

U.S.-facing website, www.primark.com/en-us.  Footwear products advertised on Primark's

website and advertised and sold at Primark's stores are the subject of this action.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §

1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051

*et seq.*

6.     This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case

arises under claims joined with a substantial and related claim under the trademark laws of the

United States.

7.     This Court has personal jurisdiction over Primark under Federal Rule of Civil

Procedure 4(k)(1)(A) and N.Y. CPLR 302(a) because Primark has sufficient minimum contacts

with the United States and New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Primark conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

9.      AirWair is headquartered in England and, through its predecessor company, has manufactured footwear since 1901.  Since 1960, AirWair has been manufacturing and marketing Dr. Martens® footwear.  Dr. Martens footwear is famous worldwide, and currently and for many years has been sold in England and throughout Europe, the United States, Canada, Mexico, Central and South American, Australia, New Zealand, Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries and in the Middle East.

10.      Dr. Martens® footwear is widely recognized and extremely popular throughout the world and in the United States and has achieved recognition as ranking among the world's greatest and most recognizable brands.  The distinctive and world-famous trade dress of its iconic boots and shoes has been used continuously by AirWair since 1960.

11.      AirWair holds a number of registrations for its trade dress throughout the world including the following registrations in the United States as issued in the United States Patent and Trademark Office (collectively "the Dr. Martens Trade Dress Marks"):

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Service |
|---|---|---|
| **Footwear Design (The "DMS undersole")** *(incontestable mark) 2,102,468 10/07/1997<br><br>Attached as **Exhibit 1** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of an undersole. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** *(incontestable mark) 2,437,750 03/27/2001<br><br>Attached as **Exhibit 2** | | Class 25: Footwear<br><br>Notes: The mark consists of a welt stitch located around the perimeter of footwear. The phantom lining is not a part the mark, but merely indicates the position of the mark. The drawing of the welt stitch is lined for the color yellow and claim is made to color. |
| **Footwear Design** *(incontestable mark) 2,437,751 03/27/2001<br><br>Attached as **Exhibit 3** | | Class 25: Footwear<br><br>Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |

---

[1]  An "*" denotes that a declaration of continued use has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Service |
|---|---|---|
| **Footwear Design** 5,067,689 10/25/2016<br><br>Attached as **Exhibit 4** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** 5,067,692 10/25/2016<br><br>Attached as **Exhibit 5** | | Class 25: Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |

12.     Since at least as early as 1984, AirWair has marketed and sold Dr. Martens® boots, shoes, and sandals in the United States which include all of the elements of the Dr. Martens Trade Dress Marks.  The Dr. Martens Trade Dress Marks include, both individually and collectively, the distinctive two-tone grooved sole edge, DMS sole pattern, yellow stitching in the welt area of the sole, and a black fabric heel loop described in the registrations referenced above and attached as Exhibits 1-5. Over the past 35 years, millions of pairs of boots, shoes and sandals with these distinctive, immediately recognizable Dr. Martens Trade Dress Marks have been sold in the United States.

13.     AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for Dr. Martens Trade Dress Marks referenced in Exhibits 1, 2, and 3, and those marks have thus become incontestable.

5

14.     The Dr. Martens Trade Dress Marks are unique and distinctive when applied to the Dr. Martens® footwear and related merchandise, and the Dr. Martens Trade Dress Marks identify the footwear and related merchandise as high-quality goods from AirWair.  The registration of the Dr. Martens Trade Dress Marks constitutes prima facie evidence of their ownership and validity at a minimum, and in the instance of the incontestable registrations, is conclusive evidence of validity and AirWair's exclusive right to use the Dr. Martens Trade Dress Marks in connection with the goods identified therein and other commercial goods.

15.     The Dr. Martens Trade Dress Marks qualify as famous marks, as that term is defined in 15 U.S.C. § 1125(c)(1), and have been famous prior to Primark's infringing acts described in this complaint, and the Dr. Martens Trade Dress Marks have been continuously used and never abandoned.

16.     AirWair and its predecessors have sold Dr. Martens® footwear with its distinctive Dr. Martens Trade Dress Marks for nearly 60 years world-wide and for 35 years in the United States.  An example of classic Dr. Martens® footwear is shown below:







17.     The Dr. Martens Trade Dress Marks and each of the elements thereof are distinctive or have acquired distinctiveness and they are non-functional.

18.     AirWair is informed and believes that Primark—in at least two stores located in this District. on the internet and in other stores in the United States—has advertised, marketed, distributed, and/or sold footwear that is confusingly similar to and that unlawfully copies the Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of AirWair's rights ("the Primark Infringing Footwear").

19.     The Primark Infringing Footwear unlawfully copies and uses the Dr. Martens

Trade Dress Marks and the distinctive features of Dr. Martens' footwear, including the yellow

welt stitch, two-tone grooved sole edge, DMS undersole, and heel loop.  Below are examples of

infringing footwear advertised by Primark on its website and advertised and sold by Primark in

its stores in the United States as compared to genuine Dr. Martens® footwear.

**EXAMPLE ONE:  Dr. Martens® Model 2976 Boot**

 **Genuine Dr. Martens® Model 2976 Boot**



[cont'd to next page]

**<u>Side-By-Side Comparison with Primark Infringing Model</u>** [2]



[cont'd to next page]

---

[2] In each of the side-by-side comparisons provided in this complaint, the Dr. Martens® genuine shoe is on the left.

**EXAMPLE TWO: Dr. Martens® 1460 Boot**

**Genuine Dr. Martens® 1460 Boot**



**Side-By-Side Comparison With Primark Infringing Model**

 

 

[cont'd to next page]

11

**EXAMPLE THREE: Dr. Martens® JADON Boot**

**Genuine Dr. Martens® JADON Boot**



**Side-By Side Comparison with Primark Infringing Model**



 

**EXAMPLE FOUR: Dr. Martens® 1461 oxford**

**Genuine Dr. Martens® 1461 oxford**



**Genuine Dr. Martens® 1461 Oxford**

[cont'd to next page]

13

**Side-By Side Comparison with Primark**
**Infringing Model**





**EXAMPLE FIVE: Dr. Martens® 2976 Boot**

**Genuine Dr. Martens® 2976 Boot**



[cont'd to next page]

**Side-By Side Comparison with Primark Infringing Model**



20.     AirWair is informed and believes that the Primark Infringing Footwear is regularly advertised and sold in the Eastern District of New York in the two Primark stores located at Kings Plaza Mall,5100 Kings Plaza, Brooklyn, New York 11234 and the Staten Island Mall, 2655 Richmond Avenue, Staten Island, New York 10314.

21.     On or about September 4, 2019 AirWair purchased representative samples of Examples One to Three of the Primark Infringing Footwear true at Primark's Kings Plaza Mall Store in Brooklyn,  AirWair purchased Example Four on or about August 11, 2020 and Example Five on or about December 13, 2020, both at Primark's Staten Island store.  True and correct copies of the receipts for the purchases of the Primark Infringing Footwear in this District are attached hereto as **Exhibit 6**.

22.     Primark's offering for sale and sale of the Primark Infringing Footwear is likely to cause and has caused confusion between Dr. Martens® footwear and the Primark Infringing Footwear advertised and sold by Primark on Primark's website and in its stores.

23.     Primark is indisputably familiar with the Dr. Martens® brand and its famous Dr. Martens Trade Dress Marks and the Dr. Martens Trade Dress Marks.  AirWair informed Primark of the infringement of the Dr. Martens Trade Dress at issue in this Complaint through a cease and desist letter sent to Primark on or about September 24, 2019.  Despite this letter and its knowledge of its sale of infringing products, Primark has continued to sell the Primark Infringing Footwear that copies the Dr. Martens Trade Dress Marks in order to capitalize on the reputation and fame of the Dr. Martens Trade Dress Marks and the Dr. Martens® brand.  In fact, Primark has continued to develop and sell ostensibly new models of the Primark Infringing Shoes, as evidenced by Examples Four and Five, above.

24.     Primark's use of the Dr. Martens Trade Dress Marks on the Primark Infringing Footwear and in its advertising suggests a sponsorship and affiliation with AirWair and the Dr. Martens® brand that does not exist.

25.     Primark has no right to use the Dr. Martens Trade Dress Marks, and Primark's sale, advertisement, distribution, and promotion of the Primark Infringing Footwear in the United States is without authorization or consent from AirWair.

26.     Primark has sold footwear that copies the Dr. Martens Trade Dress Marks and the overall style and configuration of Dr. Martens® boots and shoes in a systematic, deliberate, and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens® footwear.  Therefore, this is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Primark knowingly and intentionally sold

footwear that copied the famous Dr. Martens Trade Dress Marks, and AirWair is therefore entitled to treble damages and attorney's fees.

27.     By reason of Primark's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for Primark's acts.  Unless permanently restrained and enjoined, Primark will continue to engage in the acts complained of and irreparably damage AirWair.  For each of the claims for relief set forth below, AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of

### Lanham Action Section 32, 15 U.S.C. § 1114)

28.     AirWair realleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29.     Primark has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy, or colorable imitation of the Dr. Martens Trade Dress Marks in connection with the sale, offering for sale, distribution, advertising, and/or sale of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

30.     Primark has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated the Dr. Martens Trade Dress Marks and has applied such reproductions, counterfeits, copies, and/or colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in

18

commerce in connection with the offering for sale, distribution, advertising and/or sale of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

31.     Primark is acting and has acted with knowledge that its copying and use of the Dr. Martens Trade Dress Marks is unauthorized, and that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

32.     Primark's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts, which damage includes lost profits from lost sales, damage to reputation and goodwill, price erosion, disgorgement of Primark's profits, and other monetary damages subject to proof at trial.

33.     AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.  Unless Primark is enjoined from the unlawful acts alleged in this complaint, AirWair will continue to suffer irreparable damages and injury to its reputation and goodwill.

34.     This is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Primark knowingly and intentionally sold footwear that copied the famous Dr. Martens Trade Dress Marks, and AirWair is therefore entitled to treble damages and attorney's fees.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Federal Unfair Competition and False Designation of Origin in**

**Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

35.     AirWair realleges and incorporates herein by reference paragraphs 1 through 34 of this Complaint.

36.     Primark's unlawful copying and use of the Dr. Martens Trade Dress Marks in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AirWair, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by AirWair; and/or in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

37.     Defendant's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts, which damage includes lost profits from lost sales, damage to reputation and goodwill, price erosion, disgorgement of Primark's profits, and other monetary damages subject to proof at trial.

38.     AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.  Unless Primark is enjoined from the unlawful acts alleged in this complaint, AirWair will continue to suffer irreparable damages and injury to its reputation and goodwill.

39.     This is an "exceptional case" of infringement/false designation of origin within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Primark knowingly and intentionally sold footwear that copied the famous Dr. Martens Trade Dress Marks, and AirWair is therefore entitled to treble damages and attorney's fees.

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of

### Lanham Action Section 43(c), 15 U.S.C. § 1125(c))

40.     AirWair realleges and incorporates herein by reference paragraphs 1 through 39 of this Complaint.

41.     The Dr. Martens Trade Dress Marks is distinctive and famous in the United States and became famous prior to Primark's infringing acts described in this complaint.  Primark has used and is using trade dress on its Primark Infringing Footwear products that are substantially indistinguishable from the Dr. Martens Trade Dress Marks, after those trade dress marks became famous.

42.     On information and belief, Primark acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public and/or to create an unlawful association with the Dr. Martens Trade Dress Marks in the minds of consumers in order to capitalize on the distinctiveness and fame of the Dr. Martens Trade Dress Marks.

43.     Primark's actions have and are likely to dilute, through blurring and/or tarnishment, the distinctive quality of the Dr. Martens Trade Dress Marks and lessen the capacity of the Dr. Martens Trade Dress Marks to identify and distinguish AirWair's products.

44.     Primark's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts, which damage includes lost profits from lost sales, damage to reputation and goodwill, price erosion, disgorgement of Primark's profits, and other monetary damages subject to proof at trial.

45.     AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.  Unless Primark is enjoined from the unlawful acts alleged in this complaint, AirWair will continue to suffer irreparable damages and injury to its reputation and goodwill.

46.     Because Primark acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Dr. Martens Trade Dress Marks, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

47.     This is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Primark knowingly and intentionally sold footwear that copied the famous Dr. Martens Trade Dress Marks, and AirWair is therefore entitled to treble damages and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

48.     AirWair realleges and incorporates by reference paragraph 1 through 47 of this Complaint.

49.     Primark's use and imitation of the Dr. Martens Trade Dress Marks and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Primark, and unfair competition with AirWair in violation of AirWair's rights under federal common law.

50.     AirWair has been and is likely to be damaged by these acts which damage includes lost profits from lost sales, damage to reputation and goodwill, price erosion, disgorgement of Primark's profits, and other monetary damages subject to proof at trial

51.     AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.  Unless Primark is enjoined from the unlawful acts alleged in this complaint, AirWair will continue to suffer irreparable damages and injury to its reputation and goodwill.

52.     Primark's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Primark and violated AirWair's rights.

## FIFTH CLAIM FOR RELIEF

### (Dilution in Violation of New York General Business Law § 360-l)

53.     AirWair realleges and incorporates by reference paragraphs 1 through 52 of this Complaint.

54.     The Dr. Martens Trade Dress Marks have become famous, in that they are widely recognized by the general consuming public of this state as a designation of source of AirWair's high-quality goods and services.

55.     Well after the Dr. Martens Trade Dress Marks became famous, Primark began using trade dress in connection with the Infringing Footwear that is substantially identical to the Dr. Martens Trade Dress Marks.

56.     Primark's actions have diluted, blurred, and tarnished the strong and positive associations represented by the Dr. Martens Trade Dress Marks by lessening the capacity of the Dr. Martens Trade Dress Marks to identify and distinguish AirWair's products by causing AirWair's products and the Dr. Martens Trade Dress Marks to be associated with footwear not made, sponsored, or approved by AirWair.

57.     Primark's acts are in violation of New York General Business Law § 360-l, and AirWair has suffered harm

58.     AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Primark's actions, and AirWair is entitled to the injunctive relief described in the Prayer for Relief.  Unless Primark is enjoined from the unlawful acts alleged in this complaint, AirWair will continue to suffer irreparable damages and injury to its reputation and goodwill.

### PRAYERS FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Primark:

A.     A preliminary and permanent injunction enjoining Primark, its officers, parents, affiliates, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing, offering for sale, or selling the Infringing Footwear or any other footwear products that colorably use, imitate, or copy any of the Dr. Martens Trade Dress Marks or Trademarks, as illustrated in Exhibits 1-5, or any other trademarks owned by AirWair, or any combination of them.

B.     An Order directing Primark to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Primark has complied with the injunction.

C.     An Order that (1) all point-of-sale materials, labels, signs, boxes, prints,  catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Primark bearing images, illustrations, or

representations of the enjoined footwear, Dr. Martens Trade Dress Marks, Dr. Martens® marks, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that Primark disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the elements of the Dr. Martens Trade Dress Marks features identified in Exhibits 1-5 hereto be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens®, DOCS, DMs, or any version of the Dr. Martens Trade Dress Marks be immediately discontinued and removed from operation or view.

D.    An accounting for Primark's profits arising from Primark's trademark infringement, federal unfair competition, and false designation of origin, trademark dilution, common law unfair competition, and dilution under the New York Statutes and an award of Primark's profits to Plaintiff, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

E.    An award of actual damages sustained by Plaintiff.

F.    In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $2,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Primark.

G.    An award of treble the actual damages awarded.

H.    Exemplary or punitive damages as the Court deems just and appropriate.

I.      Pre-judgment and post-judgment interest on the above damage awards.

J.      An award of costs and reasonable attorney's fees and expenses incurred by

AirWair in connection with this action.

K.      Such other and further relief that this Court may deem just.

**DEMAND FOR JURY TRIAL**

AirWair hereby demands a trial by jury.

Dated: New York, New York
      March 16, 2021

Respectfully submitted,

PILLSBURY WINTHROP SHAW
PITTMAN LLP

By:      /s/ Kenneth E. Keller
      Ari M. Berman
      31 West 52nd Street
      New York, NY  10019
      Telephone:  (212) 858-1000
      Facsimile: (212) 858-1500
      ari.berman@pillsburylaw.com

      Kenneth E. Keller (admitted *pro hac vice*)
      Vijay K. Toke (admitted *pro hac vice*)
      Four Embarcadero Center, 22nd Floor
      San Francisco, CA  94111
      Telephone: (415) 983-1000
      Facsimile:  (415) 983-1200
      kenneth.keller@pillsburylaw.com
      vijay.toke@pillsburylw.com

      *Attorneys for Plaintiff AirWair International Ltd.*