UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>    Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, a limited company in England and Wales,<br><br>    Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>Judge LaShann DeArcy Hall<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiff AIRWAIR INTERNATIONAL LTD, ("Plaintiff" and/or "AirWair") hereby responds to the Counterclaim of Defendants Primark US Corporation and Primark Limited ("Defendants" and/or "Primark") filed on March 30, 2021 (Dkt. 40) in response to Plaintiff's First Amended Complaint.  Plaintiff references the headings used in the Counterclaim for convenience and ease of reference only, and denies the allegations, assertions, or inferences contained therein.

**JURISDICTION**

1.    In responding to the allegations of Paragraph 1, this paragraph does not contain any charging factual allegations that require a response, and only includes legal conclusions.  On that basis AirWair denies them.

2.    In responding to the allegations of Paragraph 2, AirWair admits that it transacts business in this District and that it markets and sells footwear under its DR. MARTENS brand in this District.  Because the remaining allegations of this paragraph contain legal conclusions, and

not charging factual allegations, those allegations require no response, and on that basis AirWair denies them.

3. In responding to the allegations of Paragraph 3, this paragraph does not contain any charging factual allegations that require a response, and only includes legal conclusions. On that basis AirWair denies them.

4. In responding to the allegations of Paragraph 4, this paragraph does not contain any charging factual allegations that require a response, and only includes legal conclusions. On that basis AirWair denies them.

## PARTIES

5. In responding to the allegations of Paragraph 5, this paragraph does not contain any charging factual allegations against AirWair that require a response.

6. In responding to the allegations of Paragraph 6, this paragraph does not contain any charging factual allegations against AirWair that require a response.

7. In responding to the allegations of Paragraph 7, AirWair admits that AirWair International Ltd. is a corporation formed under the laws of the United Kingdom and has a principal place of business at Cobbs Lane Wollaston Wellingborough, Northamptonshire, NN29 7SW United Kingdom.

8. In responding to the allegations of Paragraph 8, AirWair admits the allegations of this paragraph.

## BACKGROUND

9. In responding to the allegations of Paragraph 9, AirWair admits the allegations of this paragraph.

10.     In responding to the allegations of Paragraph 10, AirWair admits the allegations of this paragraph.

11.     In responding to the allegations of Paragraph 11, AirWair responds that the allegations of the First Amended Complaint and Primark's Counterclaims speak for themselves. AirWair admits the First Amended Complaint seeks legal and equitable remedies for various claims for relief described in the First Amended Complaint, including trade dress infringement. AirWair admits that Primark's Counterclaims do not apply to three of the five registrations owned by AirWair that are referenced in the First Amended Complaint, all three of which would not be affected in any way by Defendants' Counterclaims.

12.     In responding to the allegations of Paragraph 12, AirWair asserts that the referenced registrations speak for themselves. AirWair further admits that it is the record owner of U.S. Reg. No. 2,341,976.

13.     In responding to the allegations of Paragraph 13, AirWair denies them.

## FIRST CAUSE OF ACTION
### (Declaration of Invalidity of Registration No. 5,067,689)

14.     AirWair incorporates and realleges its responses to the allegations of Paragraphs 1 through 13 of Primark's Counterclaims.

15.     In responding to the allegations of Paragraph 15, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration and that the registration issued on October 25, 2016.

16.     In responding to the allegations of Paragraph 16, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

17. In responding to the allegations of Paragraph 17, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

18. In responding to the allegations of Paragraph 18, AirWair denies them.

19. In responding to the allegations of Paragraph 19, AirWair denies them.

20. In responding to the allegations of Paragraph 20, AirWair denies them.

21. In responding to the allegations of Paragraph 21, AirWair denies them.

22. In responding to the allegations of Paragraph 22, AirWair denies them.

**SECOND CAUSE OF ACTION**
**(Declaration of Invalidity of Registration No. 5,067,692)**

23. AirWair incorporates and realleges its responses to the allegations of Paragraphs 1 through 22 of Primark's Counterclaims.

24. In responding to the allegations of Paragraph 24, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration and that the registration issued on October 25, 2016.

25. In responding to the allegations of Paragraph 25, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

26. In responding to the allegations of Paragraph 26, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

27. In responding to the allegations of Paragraph 27, AirWair denies them.

28. In responding to the allegations of Paragraph 28, AirWair denies them.

29. In responding to the allegations of Paragraph 29, AirWair denies them.

30. In responding to the allegations of Paragraph 30, AirWair denies them.

31. In responding to the allegations of Paragraph 31, AirWair denies them.

## THIRD CAUSE OF ACTION
### (Declaration of Invalidity of Registration No. 2,341,976)

32. AirWair incorporates and realleges its responses to the allegations of Paragraphs 1 through 31 of Primark's Counterclaims.

33. In responding to the allegations of Paragraph 33, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration and that the registration issued on April 11, 2000.

34. In responding to the allegations of Paragraph 34, AirWair responds admits the allegations of this paragraph.

35. In responding to the allegations of Paragraph 35, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

36. In responding to the allegations of Paragraph 36, AirWair asserts that the referenced registration speaks for itself. AirWair further admits that Primark appears to accurately quote from the referenced registration.

37. In responding to the allegations of Paragraph 37, AirWair denies them.

38. In responding to the allegations of Paragraph 38, AirWair denies them.

39. In responding to the allegations of Paragraph 39, AirWair denies them.

## FOURTH CAUSE OF ACTION
### (Cancellation of Registration)

40. AirWair incorporates and realleges its responses to the allegations of Paragraphs 1 through 39 of Primark's Counterclaims.

41. In responding to the allegations of Paragraph 41, there are no charging allegations against AirWair; instead there is only reference to the language of Section 37 of the Lanham Act, 15 U.S.C. § 1119. As such, the allegations of this paragraph do not require any response.

42. In responding to the allegations of Paragraph 42, AirWair denies them.

43. In responding to the allegations of Paragraph 43, AirWair denies them.

44. In responding to the allegations of Paragraph 44, AirWair denies them.

45. In responding to the allegations of Paragraph 45, AirWair denies them.

46. In responding to the allegations of Paragraph 46, AirWair denies them.

## DEMAND FOR JURY TRIAL

47. In responding to the allegations of Paragraph 47, there are no charging allegations against AirWair. As such, the allegations of this paragraph do not require any response.

## RESPONSE TO PRAYER FOR RELIEF

AirWair denies that Defendant is entitled to the relief sought, or any other relief.

## AFFIRMATIVE DEFENSES

Further answering the Counterclaim and as additional defenses thereto, AirWair asserts the following separate affirmative defenses ("Affirmative Defenses"). Each Affirmative Defense is asserted as to all counterclaims against AirWair, except where noted. By setting forth these Affirmative Defenses, AirWair does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendants. AirWair also reserves

the right to assert other defenses as discovery proceeds and/or it learns of facts, or those facts independently develop, that reveal additional affirmative defenses AirWair may assert.

## FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants lack standing to bring the claims asserted in their Counterclaims because Defendants cannot establish they would be harmed by the continued registration of AirWair's trade dress at issue in Defendants' Counterclaims.

## THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, by laches. AirWair's trade dress has been in use for at least fifty years (and in the United States since at least as early as 1984), has been registered for many years on both the Supplemental and Principle Register, is well-known and famous, and was known to Defendants when they adopted the trade dress at issue in this case. Defendants therefore have failed to timely file for the invalidation or cancellation of AirWair's trade dress challenged in the Counterclaims. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, because Defendants would be unjustly enriched if it were allowed to obtain the relief sought in the Counterclaims. AirWair's trade dress has been in use for at least fifty years (and in the United States since at least as early as 1984), has been registered for many years on both the Supplemental and Principle Register, is well-known and famous, and was known to Defendants when they adopted the trade dress at issue in this case. Defendants would be unjustly enriched because they would be able to use

design elements that have come to be associated with AirWair. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, because they failed to mitigate their damages, if any, by failing to choose designs for its footwear that did not infringe AirWair's trade dress. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands. AirWair's trade dress has been in use for at least fifty years (and in the United States since at least as early as 1984), has been registered for many years on both the Supplemental and Principle Register, is well-known and famous, and was known to Defendants when they adopted the trade dress at issue in this case. Defendants therefore have failed to timely file for the invalidation or cancellation of AirWair's trade dress challenged in the Counterclaims. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver. AirWair's trade dress has been in use for at least fifty years (and in the United States since at least as early as 1984), has been registered for many years on both the Supplemental and Principle Register, is well-known and famous, and was known to Defendants when they adopted the trade dress at issue in this case. Defendants therefore have failed to timely file for the invalidation or cancellation of AirWair's trade dress challenged in the

Counterclaims. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' Counterclaim for Declaratory Relief is barred, in whole or in part, because they are wholly redundant of AirWair's affirmative infringement and false designation of origin claims for relief. AirWair anticipates it will learn further facts in discovery that will support this affirmative defense.

### PRAYER FOR RELIEF

WHEREFORE, AirWair requests that Defendants take nothing by their Counterclaims and that the Court: (1) dismiss Defendants' Counterclaims with prejudice; (2) enter judgment in favor of AirWair; (3) award AirWair the relief sought in its First Amended Complaint against Defendants (Dkt. 39); (4) award AirWair its costs of suit (including attorney's fees); and (5) award AirWair such other relief as this Court may deem proper.

Dated: April 13, 2021                   /s/ Kenneth E. Keller
                                                           Kenneth E. Keller (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a true and complete copy of the foregoing PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT by operation of the Court's Electronic Case Filing (ECF) system per Local Rule 5.2 on April 13, 2021:

> Jennifer A. Golinveaux (*Pro Hac Vice*)
> Irina V. Lyapis (*Pro Hac Vice*)
> Winston & Strawn LLP
> 101 California Street, 35th Floor
> San Francisco, CA  94111
> Telephone:  (415) 591-1000
> Facsimile:  (415) 591-1400
> jgolinveaux@winston.com
> ilyapis@winston.com
>
> Counsel for Defendants Primark US Corp.
> and Primark Ltd.

                                /s/ Kenneth E. Keller
                                Kenneth E. Keller (*Pro Hac Vice*)