

Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor | San Francisco, CA 94111-5998 | tel 415.983.1000 | fax 415.983.1200
MAILING ADDRESS : P.O. Box 2824, San Francisco, CA 94126-2824 | San Francisco, CA 94111-5998

Kenneth E. Keller
tel: 415.983.1084
kenneth.keller@pillsburylaw.com

June 15, 2021

<u>VIA ECF</u>

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>AirWair International Ltd. v. Primark US Corp. and Primark Ltd.</u>
     Case No.: 1:19-cv-06189-LDH-RML

Dear Magistrate Judge Levy:

     Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), Plaintiff AirWair International Ltd. respectfully requests that the Court enter the attached order (attached hereto as Exhibit A) requesting the assistance of the courts of the United Kingdom in obtaining limited discoverable evidence from Megan Van Tromp, a non-United States third party to this action, through the issuance of a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Letter of Request"). An additional request for a letter rogatory requesting international assistance to depose Eimear Bergin, who upon information and belief resides in Ireland, which is not a signatory to the Hague Convention, is forthcoming.

     Pursuant to the Court's Individual Practice Rule 2(B), through multiple telephone conferences and emails, Plaintiff met and conferred with Defendants to discuss the present motion. On a telephone conference on May 21, 2021, counsel for Defendants confirmed they would not be providing last known contact information for its former employee witness, Ms. Van Tromp, and that they would not be accepting service on behalf of, or otherwise producing, its current employee witness, Ms. Bergin. Plaintiff seeks to depose these two individuals, who have highly relevant knowledge of the purchase and design processes that led Defendants to sell footwear that infringed on Plaintiff's trade dress. Given that one of these third-party witnesses is located within the United Kingdom, the appropriate mechanism for discovery is a

Letter of Request pursuant to the terms of the Hague Convention. *See Crouch v. Liberty Pride Corp.*, 2016 WL 4718431, at *2 (E.D.N.Y. Sept. 9, 2016).

Applications for Letters of Request are considered under the broadly-construed relevance standard outlined in Rule 26 of the Federal Rules of Civil Procedure. *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *Crouch*, 2016 WL 4718431, at *2; *Babbitt v. Koeppel Nissan, Inc.*, 2019 WL 3296984, at *1 (E.D.N.Y. July 23, 2019). While the party seeking a Letter of Request "bears the burden of persuasion," *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 435 (E.D.N.Y. 2008), "that burden is not a heavy one." *Villela v. Chemical & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *3 (S.D.N.Y. June 12, 2018). Instead, "it is generally the burden on the party opposing issuance to show good reason that the letter rogatory should not issue." *Image Processing Techs., LLC v. Canon, Inc.*, 2011 WL 13312041, at *1 (E.D.N.Y. Sept. 13, 2011). "[C]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Id.* (quoting *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005)).

The requested discovery is specified and limited and bears directly on the claims that Plaintiff has alleged. The Letter of Request is personalized to an individual who was directly involved in the purchase, distribution, and sale of footwear that infringed the Plaintiff's trade dress contained in the five footwear models identified in the First Amended Complaint. Her name, as well as the name of Ms. Bergin, were specifically identified in documents produced by Defendants in this action as the buyers involved in the purchase of the infringing footwear.

*First*, Plaintiff seeks to depose Ms. Van Tromp on the specific decisions which led Defendants to source, purchase, distribute, and sell the infringing footwear models, of which Ms. Van Tromp had firsthand involvement and experience. This information is relevant to the Defendants use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered trade dress. *See* 15 U.S.C. § 1114. The deposition testimony is also relevant to Plaintiff's claims that Defendant had knowledge that it was using the trade dress without authorization and that it intended to cause consumer confusion. This testimony will almost certainly impact other *Polaroid* infringement factors this Court will consider in deciding Plaintiff's infringement claims.

*Second*, Plaintiff seeks to depose Ms. Van Tromp on the processes and strategies that Defendants generally use when deciding on models to design, source, and/or purchase, and then distribute and sell. This would include the factors, trends, ideas, and categories that contribute to these decisions. Plaintiff would also seek information on how Defendants train and instruct their buyers regarding the trends,

June 15, 2021
Page 3

ideas, and categories they should seek to purchase for distribution and sale.  This information is further relevant to the knowledge and intent that Defendants had when deciding to purchase and sell infringing models of footwear for use in commerce.

*Third*, Plaintiff seeks to depose Ms. Van Tromp regarding Defendants' process for shipping and marketing products, such as the infringing footwear models, for purchase, distribution, and sale within the United States.  Information on this process is relevant to Defendants' unauthorized use of Plaintiff's trade dress in commerce within the United States.

Without the requested information, Plaintiff will not be able to fully understand the actions taken by Defendants that infringe Plaintiff's trade dress.  If Ms. Van Tromp were located within the United States, she would be able to be deposed under Federal Rule of Civil Procedure 30.[1]  Therefore, for the foregoing reasons, Plaintiff respectfully requests that the Court issue the proposed Letter of Request. Plaintiff further requests that the clerk authenticate the Court's signature affixing the Court's seal thereto, and that the Letter of Request be thereafter transmitted to the appropriate judicial authority of the United Kingdom for prompt execution.

Respectfully submitted,

/s/ Kenneth E. Keller
Kenneth E. Keller

cc:     All Counsel of Record (via ECF)

---

[1] As noted above, prior to seeking this Letter of Request, Plaintiff met and conferred with Defendants' counsel regarding the deposition of Megan Van Tromp, a former employee of Defendant Primark, and Eimear Bergin, a current employee of Defendant Primark. Counsel would not provide contact information that would allow for service of process on Ms. Van Tromp, requiring further expenditure of time and resources to locate the witness. Counsel also declined to accept service of process on behalf of current Primark employee Ms. Bergin or to otherwise make her available for deposition.  Plaintiff raised the risk of this type of lack of cooperation on Defendants' part to provide meaningful evidence during the parties' last telephone conference with Your Honor, as well as the delay such lack of cooperation would cause.

www.pillsburylaw.com