# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>      Plaintiff,<br><br>vs.<br><br>PRIMARK US CORPORATION, a Delaware corporation, PRIMARK LIMITED, a limited company in England and Wales,<br><br>      Defendants. | Civil Action No. 1:19-cv-06189-LDH-RML<br><br>**[PROPOSED] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO OBTAIN DEPOSITION TESTIMONY FROM MEGAN VAN TROMP** |

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE UNITED KINGDOM:**

      The United States District Court for the Eastern District of New York presents its compliments to the appropriate judicial authority of the United Kingdom, and requests international judicial assistance to obtain evidence to be used at trial in a civil lawsuit before this Court in the above-captioned matter.  This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, Art. 1 *et seq*., 23 U.S.T. 2555, *reprinted in* 28 U.S.C. 1781 (the "Hague Convention") and by reference to the United Kingdom, Evidence (Proceedings in Other Jurisdictions) Act of 1975.  The United States District Court for the Eastern District of New York is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

      This Court has determined that there are sufficient grounds to obtain deposition testimony from the witness and that the evidence sought through this Letter of Request is relevant and necessary and should be produced in the interests of justice.  Specifically, this Court requests that the appropriate judicial authority of the United Kingdom, by the proper and usual process of your Court, require the appearance of **Ms. Megan Van Tromp, located at Flat 8, 28 Castlebar**

**Park, London, W5 1BU, United Kingdom** to testify in a deposition about the topics below. The evidence sought cannot be obtained from any source within the jurisdiction of the United States District Court for the Eastern District of New York, and cannot be obtained by any means other than pursuant to an order of the appropriate judicial authority of the United Kingdom compelling the production of such evidence.

This request is made with the understanding that, and on the basis that, any order made pursuant to this request: (1) will not require Ms. Megan Van Tromp to commit any offense; and (2) will not require Ms. Megan Van Tromp to undertake any broader disclosure obligation than it would have if the litigation were conducted in England. Because this Court lacks the authority to compel Ms. Megan Van Tromp to appear at deposition, and that this Court believes that justice cannot be served between the parties in the above-captioned proceedings unless the evidence requested herein is made available, this Court respectfully requests assistance from the appropriate judicial authority of the United Kingdom. The United States District Court for the Eastern District of New York stands ready to provide similar judicial assistance to judicial authorities in the United Kingdom when required.

**SECTION 1**

1. **SENDER:**
   The Honorable Robert M. Levy
   United States Magistrate Judge
   United States District Court for the Eastern District of New York
   225 Cadman Plaza East
   Brooklyn, New York 11201

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE:**
   The Senior Master
   For the attention of the Foreign Process Section
   Room E16
   Royal Courts of Justice
   Strand
   London, WC2A 2LL

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:**
   The Representative of the Plaintiff as indicated below (*infra*, point 6(a))

4. **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE:**

   The requesting authority respectfully requests a response as soon as possible in order to ensure that the evidence may be obtained before completion of fact discovery, currently set for July 30, 2021.

**SECTION II**

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **REQUESTING JUDICIAL AUTHORITY:**

   The Honorable Robert M. Levy
   United States Magistrate Judge
   United States District Court for the Eastern District of New York
   225 Cadman Plaza East
   Brooklyn, New York 11201

   b. **TO THE COMPETENT AUTHORITY:**

   The Senior Master
   For the attention of the Foreign Process Section
   Room E16
   Royal Courts of Justice
   Strand
   London, WC2A 2LL

   c. **NAME AND IDENTIFYING CASE NUMBER:**

   AirWair International Ltd. v. Primark US Corporation et al., Civil Action No. 1:19-cv-06189-LDH-RML, United States District Court for the Eastern District of New York

6. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:**

   a. **PLAINTIFF**

   AirWair International Ltd.
   Cobbs Lane Wollaston
   Wellingsborough, NN29 7SW
   United Kingdom

      Represented by:
      Pillsbury Winthrop Shaw Pittman LLP
      Ari M. Berman
      31 West 52nd Street
      New York, NY 10019
      Telephone: (212) 858-1000
      Facsimile: (212) 858-1500

      Pillsbury Winthrop Shaw Pittman LLP
      Kenneth E. Keller
      Vijay K. Toke
      Four Embarcadero Center, 22nd Floor
      San Francisco, CA 94111
      Telephone: (415) 983-1000
      Facsimile: (415) 983-1200

**b.**    **DEFENDANTS**

      Primark US Corporation
      101 Arch Street, Suite 300
      Boston, Massachusetts 02110

      Primark Limited
      Weston Centre
      10 Grosvenor Street
      London, W1K 4Q
      United Kingdom

      Represented by
      Winston & Strawn LLP
      Jennifer A. Golinveaux
      Irina V. Lyapis
      101 California Street, 35th Floor
      San Francisco, CA 94111
      Telephone: (415) 591-1000
      Facsimile: (415) 591-1400

**7.**    **NATURE AND PURPOSE OF THE PROCEEDING AND SUMMARY OF FACTS:**

Plaintiff in this civil action is AirWair International Ltd. ("Plaintiff" or "AirWair"). Since 1960, AirWair has been manufacturing and marketing Dr. Martens® footwear. Dr. Martens® footwear is widely recognized and extremely popular throughout the world and in the United States. AirWair holds a number

of registrations for its trade dress throughout the world and in the United States (collectively "the Dr. Martens Trade Dress Marks"). In its First Amended Complaint, Plaintiff alleges that Defendants Primark US Corporation and Primark Limited (collectively, "Defendants" or "Primark") have—in at least two stores located in the Eastern District of New York, on the internet, and in other stores in the United States—advertised, marketed, distributed, and/or sold footwear that is confusingly similar to and that unlawfully copies the Dr. Martens Trade Dress Marks and various distinctive features of Dr. Martens® footwear in violation of AirWair's rights (the "Primark Infringing Footwear").

Primark's offering for sale and sale of the Primark Infringing Footwear is likely to cause and has caused confusion between Dr. Martens® footwear and the Primark Infringing Footwear. By reason of Primark's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for Primark's acts. Plaintiff seeks injunctive, monetary, and other relief for trademark infringement in violation of Lanham Act Section 32, 15 U.S.C. § 1114; federal unfair competition and false designation of origin in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a); federal trademark dilution in violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c); common law unfair competition; and dilution in violation of New York General Business Law § 360-1.

Defendant has denied Plaintiff's allegations, and additionally raised affirmative defenses of failure to state a claim for relief; statute of limitations; functionality; fair use; laches; estoppel; unclean hands; waiver; invalidity or unenforceability of trademarks; license, consent, and acquiescence; failure to mitigate damages; forfeiture or abandonment; misuse of trademark; and innocent intent. Defendant

5

has also raised counterclaims for declaration of invalidity of registration No. 5,067,689; declaration of invalidity of registration No. 5,067,692; declaration of invalidity of registration No. 2,341,976; and cancellation of registration.

**8. EVIDENCE TO BE OBTAINED AND PURPOSE:**

This Court respectfully requests that, pursuant to the Hague Convention, the appropriate judicial authority cause the appropriate orders to be issued to direct the taking of deposition to be used at trial in these proceedings. Deposition testimony obtained from Megan Van Tromp pursuant to the Letter of Request is admissible evidence under United States law and may be offered at trial in the above-captioned proceeding. A summary of topics to be included in the deposition is included below (*infra*, point 10).

**9. IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED:**

Plaintiff and this Court respectfully request leave to conduct a deposition of Megan Van Tromp, located at Flat 8, 28 Castlebar Park, London, W5 1BU, United Kingdom.

**10. STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON WILL BE EXAMINED:**

Plaintiff and this Court respectfully request leave that in the interests of justice you cause process to issue compelling Megan Van Tromp to attend a deposition on the following topics, of which she has knowledge as a former employee of Defendants who was specifically identified in documents produced by Defendants in the above-captioned action as a buyer involved in the purchase and ultimate sale of some of the infringing footwear in this case.

*First*, Plaintiff seeks to depose Megan Van Tromp on the specific decisions which led Defendants to source, purchase, distribute, and sell the infringing footwear models, of which she had firsthand involvement and experience.

6

*Second*, Plaintiff seeks to depose Megan Van Tromp on the processes and strategies that Defendants generally use when deciding on models to design, source, and/or purchase, and then distribute and sell. This would include the factors, trends, ideas, and categories that contribute to these decisions. Plaintiff would also seek information on how Defendants train and instructs their buyers regarding the trends, ideas, and categories they should seek to purchase for distribution and sale.

*Third*, Plaintiff seeks to depose Megan Van Tromp regarding Defendants' process for shipping and marketing products, such as the infringing footwear models, for purchase, distribution, and sale within the United States.

11. **DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED:**

    Plaintiff and this Court are not requesting the production or inspection of any documents or other property of Ms. Van Tromp.

12. **REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION:**

    The examination shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of the United Kingdom. The testimony shall be given under oath.

13. **SPECIAL METHOD OR PROCEDURES TO BE FOLLOWED:**

    Plaintiff and this Court respectfully request that the testimony be recorded on videotape, and that a court reporter be permitted to attend the deposition and create a verbatim written transcript of the proceedings. If, due to restrictions on travel due to COVID-19, a different process is required, an acceptable alternative is to take the deposition by videoconference.

    Plaintiff and this Court respectfully request that the counsel for Plaintiff and local counsel for Plaintiff be permitted to participate in any foreign court proceedings.

14. **REQUEST FOR NOTIFICATION AT THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED:**

   Please send notice of the time and place for execution of this Request to:
   Clerk of the United States District Court
   Eastern District of New York
   225 Cadman Plaza East
   Brooklyn, New York 11201

   Ari M. Berman
   Pillsbury Winthrop Shaw Pittman LLP
   31 West 52nd Street
   New York, NY 10019
   Telephone: (212) 858-1000
   Facsimile: (212) 858-1500

   Kenneth E. Keller
   Pillsbury Winthrop Shaw Pittman LLP
   Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111
   Telephone: (415) 983-1000
   Facsimile: (415) 983-1200

   Jennifer A. Golinveaux
   Winston & Strawn LLP
   101 California Street, 35th Floor
   San Francisco, CA 94111
   Telephone: (415) 591-1000
   Facsimile: (415) 591-1400

15. **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST:**

   Plaintiff and this Court do not request any such attendance or participation.

16. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN:**

   Under the laws of the United States, a party has a privilege to refuse to give

   evidence if the evidence discloses a confidential communication between the

   party and an attorney for that party that was made for the purpose of obtaining

   legal advice and which privilege has not been waived explicitly or implicitly.

Parties also enjoy limited privileges on other grounds not relevant here, such as communications between spouses, physician and patient, psychotherapist and patient, and clergy and penitent. United States law also recognizes a privilege against criminal self-incrimination.

17. **REIMBURSEMENT:**

To the extent that there are expenses associated with providing assistance in response to this Letter of Request, the fees and costs will be borne by Plaintiff. Plaintiff's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in the matter.

Requests for reimbursement may be submitted to Plaintiff's counsel via email to: kenneth.keller@pillsburylaw.com or via U.S. mail to:

Kenneth E. Keller
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111

Date of Request: _____

Signature and Seal of Requesting Authority

(Affix Seal Here)

Seal of the Court

                                                  The Honorable Robert M. Levy
                                                  United States Magistrate Judge
                                                  United States District Court for the
                                                  Eastern District of New York

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a true and complete copy of the foregoing REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO OBTAIN DEPOSITION TESTIMONY FROM MEGAN VAN TROMP by operation of the Court's Electronic Case Filing (ECF) system per Local Rule 5.2 on _____.

    Jennifer A. Golinveaux (*Pro Hac Vice*)
    Irina V. Lyapis (*Pro Hac Vice*)
    Winston & Strawn LLP
    101 California Street, 35th Floor
    San Francisco, CA  94111
    Telephone:  (415) 591-1000
    Facsimile:  (415) 591-1400
    jgolinveaux@winston.com
    ilyapis@winston.com

    Counsel for Defendants Primark US Corp.
    and Primark Ltd.

    Kenneth E. Keller (*Pro Hac Vice*)